**No. 24-1224**
_____

**UNITED STATES COURT OF APPEALS
FOR THE FIRST CIRCUIT**
_____

**UNITED STATES OF AMERICA**
Appellee

v.

**JOSE ANGEL VELAZQUEZ-SEDA, a/k/a Tito Chuleta,**
Defendant-Appellant
_____

**ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO**
_____

**APPENDIX**
_____

Mary June Ciresi
Attorney at Law
PO Box 40865
Providence, RI 02940
401.447.5715 (Mobile)
401.829.4866 (Fax)
mjciresi@ciresilaw.com

# TABLE OF CONTENTS

Docket Report..................................................................................1

Notice of Appeal.........................................................................15

Indictment....................................................................................16

Plea Agreement...........................................................................35

Change of Plea Hearing.............................................................49

Defendant Sentencing Memorandum.........................................70

Sentencing Transcript..................................................................75

Query     Reports     Utilities     Help     Log Out

APPEAL

# United States District Court
## District of Puerto Rico (San Juan)
## CRIMINAL DOCKET FOR CASE #: 3:22-cr-00409-SCC-15

Case title: USA v. Castro-Oliveras et al                          Date Filed: 09/14/2022

                                                                  Date Terminated: 02/09/2024

---

Assigned to: Judge Silvia L. Carreno-Coll

Appeals court case number: 24-1224

### Defendant (15)

**Jose Angel Velazquez-Seda**                    represented by   **Luis E. Tomassini-Segarra**
*TERMINATED: 02/09/2024*                                          Tomassini-Segarra Law Office
*also known as*                                                   Banco Cooperativo Plaza 1204-B
Tito Chuleta                                                      623 Ponce de Leon Ave.
*TERMINATED: 02/09/2024*                                          San Juan, PR 00917
                                                                  787-613-4484
                                                                  Fax: 787-763-0624
                                                                  Email: tomassinilaw@outlook.com
                                                                  *LEAD ATTORNEY*
                                                                  *ATTORNEY TO BE NOTICED*
                                                                  *Designation: CJA Appointment*

### Pending Counts                                               ### Disposition

21:841(a)(1), 846 AND 860:                                        IMPR: Ninety-six (96) months; SRT: Eight
CONSPIRACY TO POSSESS WITH                                        (8) years;No fine; SMA: $100.00;
INTENT TO DISTRIBUTE                                              Forfeiture.
CONTROLLED SUBSTANCES
(1)

### Highest Offense Level (Opening)

Felony

### Terminated Counts                                            ### Disposition

21:841(a)(1), (b)(1)(A)(i) AND 860 &

1

| | |
|---|---|
| 18:2: AIDING AND ABETTING IN THE POSSESSION/DISTRIBUTION OF HEROIN (2) | Dismissed as requested by the government. |
| 21:841(a)(1), (b)(1)(A)(iii) AND 860 & 18:2: AIDING AND ABETTING IN THE POSSESSION/DISTRIBUTION OF COCAINE BASE (3) | Dismissed as requested by the government. |
| 21:841(a)(1), (b)(1)(A)(ii) AND 860 & 18:2: AIDING AND ABETTING IN THE POSSESSION/DISTRIBUTION OF COCAINE (4) | Dismissed as requested by the government. |
| 21:841(a)(1), (b)(1)(C),860 & 18:2: AIDING AND ABETTING IN THE POSSESSION/DISTRIBUTION OF MARIHUANA (5) | Dismissed as requested by the government. |

**Highest Offense Level (Terminated)**

Felony

| **Complaints** | **Disposition** |
|---|---|
| None | |

**Interested Party**

**US Probation Office**

**Plaintiff**

| | | |
|---|---|---|
| **USA** | represented by | **Cristina Caraballo-Colon - INACTIVE** |
| | | U.S Attorney Office |
| | | District of Puerto Rico |
| | | Torre Chardon Suite 1201 |
| | | 350 Chardon Ave. |
| | | San Juan, PR 00918 |
| | | 787-766-5656 |
| | | Fax: 787-771-4050 |
| | | Email: USAPR.InactiveAUSA@usdoj.gov |
| | | *TERMINATED: 09/05/2023* |

*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: AUSA Designation*

**Richard Vance Eaton**
U.S. Attorney's Office District of Puerto
Rico
350 Carlos Chardon Ave.
Suite 1201
San Juan, PR 00918
7873703760
Email: richard.eaton@usdoj.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: AUSA Designation*

**Damare E.R. Theriot**
DOJ-USAO
350 Calle Chardon
Ste 1201
San Juan, PR 00918
787-723-4000
Email: damare.theriot@usdoj.gov
*ATTORNEY TO BE NOTICED*
*Designation: AUSA Designation*

| Date Filed | # | Docket Text |
|---|---|---|
| 09/14/2022 | 1 | MOTION to Seal Case by USA as to All Defendants. (ecc) (Entered: 09/15/2022) |
| 09/14/2022 | 2 | ORDER granting 1 Motion to Seal Case as to Jesus Manuel Castro-Oliveras (1), Giovanni Joel Vargas-Maldonado (2), Carlos Irving Caraballo-Rodriguez (3), Angel Osvaldo Pietri-Velazquez (4), Dayan Joel Caraballo-Ortiz (5), Jose Ramon Cannizaro-Burgos (6), Luis Antonio Irizarry-Albino (7), Irving Joel Torres-Pacheco (9), Jean Carlos Ayala-Morales (10), Angel Edid Velez-Echevarria (11), Nestor Rodriguez-Echevarria (12), Steven Velez-Echevarria (13), Jean Carlos Cabello-Maldonado (14), Richardson Enoc Cordero-Gallardo (16), Alejandro Martin Borrero-Rodriguez (17), Kevin Joel Bermudez-Torres (18), Daniel Perez (19), Liz Marie Rosado-Velez (20), Benjamin Velez-Rodriguez (21), Manuel De Jesus Castro-Pena (22), Harvey Ramirez-Perez (23) Signed by US Magistrate Judge Bruce J. McGiverin on 9/14/2022. (ecc) (Entered: 09/15/2022) |
| 09/14/2022 | 3 | INDICTMENT as to Jesus Manuel Castro-Oliveras (1) count(s) 1, 2, 3, 4, 5, 6, Giovanni Joel Vargas-Maldonado (2) count(s) 1, 2, 3, 4, 5, 6, Carlos Irving Caraballo-Rodriguez (3) count(s) 1, 2, 3, 4, 5, 6, Angel Osvaldo Pietri-Velazquez (4) count(s) 1, 2, 3, 4, 5, 6, Dayan Joel Caraballo-Ortiz (5) count(s) 1, 2, 3, 4, 5, 6, Jose Ramon Cannizaro-Burgos (6) count(s) 1, 2, 3, 4, 5, 6, Luis Antonio Irizarry-Albino (7) count(s) 1, 2, 3, 4, 5, 6, Isaias Manuel Rivera (8) count(s) 1, 2, 3, 4, 5, 6, Irving Joel |

3

| | | |
|---|---|---|
| | | Torres-Pacheco (9) count(s) 1, 2, 3, 4, 5, 6, Jean Carlos Ayala-Morales (10) count(s) 1, 2, 3, 4, 5, Angel Edid Velez-Echevarria (11) count(s) 1, 2, 3, 4, 5, Nestor Rodriguez-Echevarria (12) count(s) 1, 2, 3, 4, 5, Steven Velez-Echevarria (13) count(s) 1, 2, 3, 4, 5, Jean Carlos Cabello-Maldonado (14) count(s) 1, 2, 3, 4, 5, Jose Angel Velazquez-Seda (15) count(s) 1, 2, 3, 4, 5, Richardson Enoc Cordero-Gallardo (16) count(s) 1, 2, 3, 4, 5, Alejandro Martin Borrero-Rodriguez (17) count(s) 1, 2, 3, 4, 5, Kevin Joel Bermudez-Torres (18) count(s) 1, 2, 3, 4, 5, Daniel Perez (19) count(s) 1, 2, 3, 4, 5, Liz Marie Rosado-Velez (20) count(s) 1, 2, 3, 4, 5, Benjamin Velez-Rodriguez (21) count(s) 1, 2, 3, 4, 5, Manuel De Jesus Castro-Pena (22) count(s) 1, 2, 3, 4, 5, Harvey Ramirez-Perez (23) count(s) 1, 2, 3, 4, 5. (ecc) (Additional attachment(s) added on 9/15/2022: # 1 NPV Indictment) (ecc). (Entered: 09/15/2022) |
| 09/14/2022 | 4 | Minute Entry for proceedings held before US Magistrate Judge Bruce J. McGiverin: Return of Indictment by Grand Jury as to Jesus Manuel Castro-Oliveras, Giovanni Joel Vargas-Maldonado, Carlos Irving Caraballo-Rodriguez, Angel Osvaldo Pietri-Velazquez, Dayan Joel Caraballo-Ortiz, Jose Ramon Cannizaro-Burgos, Luis Antonio Irizarry-Albino, Isaias Manuel Rivera, Irving Joel Torres-Pacheco, Jean Carlos Ayala-Morales, Angel Edid Velez-Echevarria, Nestor Rodriguez-Echevarria, Steven Velez-Echevarria, Jean Carlos Cabello-Maldonado, Jose Angel Velazquez-Seda, Richardson Enoc Cordero-Gallardo, Alejandro Martin Borrero-Rodriguez, Kevin Joel Bermudez-Torres, Daniel Perez, Liz Marie Rosado-Velez, Benjamin Velez-Rodriguez, Manuel De Jesus Castro-Pena, Harvey Ramirez-Perez held on 9/14/2022. **Arraignment to be set upon arrest.** Arrest warrants to be issued. (Court Reporter Zoom.) (ecc) (Main Document 4 replaced on 9/15/2022) Original pdf had an additional blank page (ecc). (Entered: 09/15/2022) |
| 09/14/2022 | 5 | *RESTRICTED* Arrest Warrant Issued by US Magistrate Judge Bruce J. McGiverin in case as to Jesus Manuel Castro-Oliveras, Giovanni Joel Vargas-Maldonado, Carlos Irving Caraballo-Rodriguez, Angel Osvaldo Pietri-Velazquez, Dayan Joel Caraballo-Ortiz, Jose Ramon Cannizaro-Burgos, Luis Antonio Irizarry-Albino, Isaias Manuel Rivera, Irving Joel Torres-Pacheco, Jean Carlos Ayala-Morales, Angel Edid Velez-Echevarria, Nestor Rodriguez-Echevarria, Steven Velez-Echevarria, Jean Carlos Cabello-Maldonado, Jose Angel Velazquez-Seda, Richardson Enoc Cordero-Gallardo, Alejandro Martin Borrero-Rodriguez, Kevin Joel Bermudez-Torres, Daniel Perez, Liz Marie Rosado-Velez, Benjamin Velez-Rodriguez, Manuel De Jesus Castro-Pena, Harvey Ramirez-Perez. (ecc) (Entered: 09/15/2022) |
| 09/15/2022 | | Arrest of Giovanni Joel Vargas-Maldonado (2), Carlos Irving Caraballo-Rodriguez(3), Angel Osvaldo Pietri-Velazquez (4), Dayan Joel Caraballo-Ortiz (5), Luis Antonio Irizarry-Albino (7), Isaias Manuel Rivera (8), Jean Carlos Ayala-Morales (10), Angel Edid Velez-Echevarria (11), Nestor Rodriguez-Echevarria (12), Steven Velez-Echevarria (13), Jean Carlos Cabello-Maldonado (14), Jose Angel Velazquez-Seda (15), Richardson Enoc Cordero-Gallardo (16), Daniel Perez (19), Liz Marie Rosado-Velez (20), Benjamin Velez-Rodriguez (21), Manuel De Jesus Castro-Pena (22), Harvey Ramirez-Perez (23). (bgl) (Entered: 09/15/2022) |
| 09/15/2022 | 8 | Minute Entry for proceedings held before US Magistrate Judge Bruce J. McGiverin: Initial Appearance as to Giovanni Joel Vargas-Maldonado (2), Carlos Irving Caraballo-Rodriguez (3), Angel Osvaldo Pietri-Velazquez (4), Dayan Joel Caraballo- |

Ortiz (5), Luis Antonio Irizarry-Albino (7), Isaias Manuel Rivera (8), Jean Carlos Ayala-Morales (10), Angel Edid Velez-Echevarria (11), Nestor Rodriguez-Echevarria (12), Steven Velez-Echevarria (13), Jean Carlos Cabello-Maldonado (14), Jose Angel Velazquez-Seda (15), Richardson Enoc Cordero-Gallardo (16), Daniel Perez (19), Liz Marie Rosado-Velez (20), Benjamin Velez-Rodriguez (21), Manuel De Jesus Castro-Pena (22), Harvey Ramirez-Perez (23) held on 9/15/2022 via VTC. Present: AUSA Pedro Casablanca and AFPD Carmen Coral Rodriguez. The defendants were present, under custody and assisted by a certified court interpreter. The defendants waived their right to appear physically at the hearing and consented to proceed by way of VTC. The defendants were advised of the charges contained in the indictment and advised as to their rights. The defendants were also advised of the applicable minimum and maximum statutory penalties that they are exposed to if convicted of the charges in the indictment. Upon the defendants' request, the Court deemed it appropriate to appoint counsel. Defendant #22 will be represented by the FPD's Office. All other defendants will be represented by CJA Counsel. Pursuant to the Due Process Protections Act, Pub. L. No. 116-182, 134 Stat. 894 (Oct. 21, 2020) and Rule 5(f) of the Federal Rules of Criminal Procedure, the United States is reminded of its obligation to disclose in a timely manner all exculpatory evidence to the defendant[s], that is, all evidence that is favorable to the defendant[s] or tends to cast doubt on the United States case, as required by Brady v. Maryland, 373 U.S. 83 (1963) and its progeny. Failure to comply with this order may result in consequences, including, but not limited to, the reversal of any conviction, the exclusion of evidence, adverse jury instructions, dismissal of charges, contempt proceedings, disciplinary action, and/or sanctions by the Court. **Arraignment/Detention Hearings are set for 9/20/2022 at 9:30 AM as to defendant #3, at 9:45 AM as to defendant #4, at 10:00 AM as to defendant #7, at 10:15 AM as to defendant #10, at 10:30 AM as to defendant #11, at 10:45 AM as to defendant #13, at 11:00 AM as to defendant #20, at 11:15 AM as to defendant #21, and at 11:00 AM as to defendant #23 via VTC before US Magistrate Judge Bruce J. McGiverin. Arraignment/Bail Hearings are set for 9/29/2022 at 9:30 AM as to defendant #2, at 9:45 AM as to defendant #5, at 10:00 AM as to defendant #8, at 10:15 AM as to defendant #12, at 10:30 AM as to defendant #14, at 10:45 AM as to defendant #15, at 11:00 AM as to defendant #16, at 11:15 AM as to defendant #19 and at 11:30 AM as to defendant #22 via VTC before US Magistrate Judge Bruce J. McGiverin.** Defendants are ordered temporarily detained. Government's motion to unseal is GRANTED. (Court Reporter Zoom.) Hearing held at 11:28. Hearing ended at 11:38. Interpreter Mary Jo Smith. (bgl) Modified on 9/16/2022 to edit hearing settings (ecc). (Entered: 09/15/2022)

| | | |
|---|---|---|
| 09/15/2022 | 21 | ORDER scheduling detention hearing as to Jose Angel Velazquez-Seda (15). Defendant is TEMPORARILY DETAINED pending hearing. Signed by US Magistrate Judge Bruce J. McGiverin on 9/15/2022. (mig) (Entered: 09/16/2022) |
| 09/20/2022 | | CJA 20 as to Jose Angel Velazquez-Seda (15): Appointment of Attorney Luis E. Tomassini-Segarra for Jose Angel Velazquez-Seda. Signed by US Magistrate Judge Bruce J. McGiverin on 9/20/2022. (bgl) (Entered: 09/20/2022) |
| 09/22/2022 | 200 | *RESTRICTED* Arrest Warrant Returned Executed on 9/15/2022 in case as to Jose Angel Velazquez-Seda (15). (ecc) (Entered: 10/19/2022) |

5

| | | |
|---|---|---|
| 09/28/2022 | 99 | ORDER as to Giovanni Joel Vargas-Maldonado (2), Dayan Joel Caraballo-Ortiz (5), Isaias Manuel Rivera (8), Nestor Rodriguez-Echevarria (12), Jose Angel Velazquez-Seda (15), Richardson Enoc Cordero-Gallardo (16), Manuel De Jesus Castro-Pena (22): **All Arraignment/Bail Hearings set for 9/29/2022 will be held IN PERSON in Courtroom 9 before US Magistrate Judge Bruce J. McGiverin.** Signed by US Magistrate Judge Bruce J. McGiverin on 9/28/2022. (bgl) (Entered: 09/28/2022) |
| 09/28/2022 | 118 | ***SELECTED PARTIES***Notice of Disclosure of Pretrial Services Report as to Jose Angel Velazquez-Seda (15). Pretrial Services Reports are made available to Defense Counsel and the Government. The Pretrial Reports are not public record, are not to be produced or disclosed to any other party, and shall remain confidential as provided in Title 18 U.S.C. 3153(c)(1), by USA, US Probation Office, Jose Angel Velazquez-Seda (Abruna-Ortiz, Elisa) (Entered: 09/28/2022) |
| 09/28/2022 | 119 | ***SELECTED PARTIES***Notice of Disclosure of Pretrial Services Report as to Jose Angel Velazquez-Seda (15). Pretrial Services Reports are made available to Defense Counsel and the Government. The Pretrial Reports are not public record, are not to be produced or disclosed to any other party, and shall remain confidential as provided in Title 18 U.S.C. 3153(c)(1), by USA, US Probation Office, Jose Angel Velazquez-Seda (Attachments: # 1 Supplement Prior Bail Report)(Abruna-Ortiz, Elisa) (Entered: 09/28/2022) |
| 09/29/2022 | 132 | *RESTRICTED* CJA 23 Financial Affidavit by Jose Angel Velazquez-Seda (15). (bgl) (Entered: 09/29/2022) |
| 09/29/2022 | 136 | Minute Entry for proceedings held before US Magistrate Judge Bruce J. McGiverin: Arraignment/Bail as to Jose Angel Velazquez-Seda (15) Counts 1,2,3,4,5 held on 9/29/2022. Present in court were AUSA Richard Vance Eaton, Atty. Luis E. Tomassini-Segarra and AUSPO Gabriela Hernandez. The defendant was present, under custody and assisted by a certified court interpreter. The defendant was found competent to understand the proceedings. He waived the reading of the indictment and entered a plea of not guilty as to all applicable counts. The Government has 7 days to produce discovery and the defense has 14 days thereafter to file any motions. Case is referred to Judge Silvia Carreno-Coll for further proceedings. As to detention, defense counsel informed that the defendant will not be seeking bail at this time, but reserves the right to reopen. Government moved for detention. The Court granted the government's motion and ordered the defendant detained without bail. Findings made on the record. Order to issue. CJA-23 financial affidavit form submitted by the defendant to be made part of record. (Court Reporter DCR/ Courtroom 9.) Hearing set for 10:45. Hearing held at 10:40. Hearing ended at 10:44. Interpreter Sonia Crescioni. (bgl) (Entered: 09/29/2022) |
| 09/29/2022 | 141 | ORDER OF DETENTION PENDING TRIAL as to Jose Angel Velazquez-Seda (15). Signed by US Magistrate Judge Bruce J. McGiverin on 9/22/2022. (JM) (Entered: 09/29/2022) |
| 10/07/2022 | 175 | ORDER as to Giovanni Joel Vargas-Maldonado (2), Carlos Irving Caraballo-Rodriguez (3), Angel Osvaldo Pietri-Velazquez (4), Dayan Joel Caraballo-Ortiz (5), |

6

| | | |
|---|---|---|
| | | Jose Ramon Cannizaro-Burgos (6), Luis Antonio Irizarry-Albino (7), Isaias Manuel Rivera (8), Jean Carlos Ayala-Morales (10), Angel Edid Velez-Echevarria (11), Nestor Rodriguez-Echevarria (12), Steven Velez-Echevarria (13), Jean Carlos Cabello-Maldonado (14), Jose Angel Velazquez-Seda (15), Richardson Enoc Cordero-Gallardo (16), Alejandro Martin Borrero-Rodriguez (17), Daniel Perez (19), Liz Marie Rosado-Velez (20), Benjamin Velez-Rodriguez (21), Manuel De Jesus Castro-Pena (22), and Harvey Ramirez-Perez (23): **A Status Conference is set for 10/24/2022 at 9:30 AM by VTC before Judge Silvia L. Carreno-Coll.** Hearing access credentials are available in the following URL link: **https://www.prd.uscourts.gov/video-teleconference-vtc-hearing-links**. Signed by Judge Silvia L. Carreno-Coll on 10/7/2022. (mcv) (Entered: 10/07/2022) |
| 10/24/2022 | 223 | Minute Entry for proceedings held before Judge Silvia L. Carreno-Coll: Status Conference as to Giovanni Joel Vargas-Maldonado (2), Carlos Irving Caraballo-Rodriguez (3), Angel Osvaldo Pietri-Velazquez (4), Dayan Joel Caraballo-Ortiz (5), Jose Ramon Cannizaro-Burgos (6), Luis Antonio Irizarry-Albino (7), Isaias Manuel Rivera (8), Jean Carlos Ayala-Morales (10), Angel Edid Velez-Echevarria (11), Nestor Rodriguez-Echevarria (12), Steven Velez-Echevarria (13), Jean Carlos Cabello-Maldonado (14), Jose Angel Velazquez-Seda (15), Richardson Enoc Cordero-Gallardo (16), Alejandro Martin Borrero-Rodriguez (17), Daniel Perez (19), Liz Marie Rosado-Velez (20), Benjamin Velez-Rodriguez (21), Manuel De Jesus Castro-Pena (22), Harvey Ramirez-Perez (23) held on 10/24/2022 by Video Tele-Conference. The Court noted and granted Docket No. 176 and noted Docket No. 188 . **Further Status Conference is set for 12/27/2022 at 2:30 PM by VTC before Judge Silvia L. Carreno-Coll.** Hearing access credentials are available in the following URL link: **https://www.prd.uscourts.gov/video-teleconference-vtc-hearing-links**. STA tolled in the interest of justice. The Court finds that defendants' need to review discovery outweighs the defendants' and the community's interest in a speedy trial.(Court Reporter ZoomGov Recording.)Hearing set for 09:30.Hearing held at 09:34.Hearing ended at 09:41. (ram) (Entered: 12/13/2022) |
| 12/27/2022 | 240 | Minute Entry for proceedings held before Judge Silvia L. Carreno-Coll: Status Conference as to Giovanni Joel Vargas-Maldonado (2), Carlos Irving Caraballo-Rodriguez (3), Angel Osvaldo Pietri-Velazquez (4), Dayan Joel Caraballo-Ortiz (5), Jose Ramon Cannizaro-Burgos (6), Luis Antonio Irizarry-Albino (7), Isaias Manuel Rivera (8), Jean Carlos Ayala-Morales (10), Angel Edid Velez-Echevarria (11), Nestor Rodriguez-Echevarria (12), Steven Velez-Echevarria (13), Jean Carlos Cabello-Maldonado (14), Jose Angel Velazquez-Seda (15), Richardson Enoc Cordero-Gallardo (16), Alejandro Martin Borrero-Rodriguez (17), Kevin Joel Bermudez-Torres (18), Daniel Perez (19), Liz Marie Rosado-Velez (20), Benjamin Velez-Rodriguez (21), Manuel De Jesus Castro-Pena (22), Harvey Ramirez-Perez (23) held on 12/27/2022 by Video Tele-Conference (VTC). **Pretrial motions due by 1/27/2023. Status Conference is set for 2/10/2023 at 9:30 AM by VTC before Judge Silvia L. Carreno-Coll.** Hearing access credentials are available in the following URL link: **https://www.prd.uscourts.gov/video-teleconference-vtc-hearing-links**. STA tolled in the interest of justice. The Court finds that defendants' need to review discovery and engage in plea conversations outweighs the defendants' and the community's interest in a speedy trial. (Court Reporter Evilys Carrion.) Hearing set for 02:30. Hearing held |

| | | |
|---|---|---|
| | | at 02:40. Hearing ended at 03:01. (ram) (Entered: 01/11/2023) |
| 01/25/2023 | 249 | INFORMATIVE Motion regarding Notifying of Evidence Inspection to be held on March 7-9, 2023 by USA as to Jesus Manuel Castro-Oliveras (1), Giovanni Joel Vargas-Maldonado (2), Carlos Irving Caraballo-Rodriguez (3), Angel Osvaldo Pietri-Velazquez (4), Dayan Joel Caraballo-Ortiz (5), Jose Ramon Cannizaro-Burgos (6), Luis Antonio Irizarry-Albino (7), Isaias Manuel Rivera (8), Irving Joel Torres-Pacheco (9), Jean Carlos Ayala-Morales (10), Angel Edid Velez-Echevarria (11), Nestor Rodriguez-Echevarria (12), Steven Velez-Echevarria (13), Jean Carlos Cabello-Maldonado (14), Jose Angel Velazquez-Seda (15), Richardson Enoc Cordero-Gallardo (16), Alejandro Martin Borrero-Rodriguez (17), Kevin Joel Bermudez-Torres (18), Daniel Perez (19), Liz Marie Rosado-Velez (20), Benjamin Velez-Rodriguez (21), Manuel De Jesus Castro-Pena (22), Harvey Ramirez-Perez (23). Responses due by 2/8/2023. NOTE: Pursuant to FRCP 6(a) an additional three days does not apply to service done electronically. (Caraballo-Colon, Cristina) (Entered: 01/25/2023) |
| 02/10/2023 | 258 | ORDER noted 249 Informative Motion as to Jesus Manuel Castro-Oliveras (1), Giovanni Joel Vargas-Maldonado (2), Carlos Irving Caraballo-Rodriguez (3), Angel Osvaldo Pietri-Velazquez (4), Dayan Joel Caraballo-Ortiz (5), Jose Ramon Cannizaro-Burgos (6), Luis Antonio Irizarry-Albino (7), Isaias Manuel Rivera (8), Irving Joel Torres-Pacheco (9), Jean Carlos Ayala-Morales (10), Angel Edid Velez-Echevarria (11), Nestor Rodriguez-Echevarria (12), Steven Velez-Echevarria (13), Jean Carlos Cabello-Maldonado (14), Jose Angel Velazquez-Seda (15), Richardson Enoc Cordero-Gallardo (16), Alejandro Martin Borrero-Rodriguez (17), Kevin Joel Bermudez-Torres (18), Daniel Perez (19), Liz Marie Rosado-Velez (20), Benjamin Velez-Rodriguez (21), Manuel De Jesus Castro-Pena (22), Harvey Ramirez-Perez (23) Signed by Judge Silvia L. Carreno-Coll on 2/10/2023. (Carreno-Coll, Silvia) (Entered: 02/10/2023) |
| 02/10/2023 | 263 | Minute Entry for proceedings held before Judge Silvia L. Carreno-Coll: Status Conference as to Giovanni Joel Vargas-Maldonado (2), Carlos Irving Caraballo-Rodriguez (3), Angel Osvaldo Pietri-Velazquez (4), Dayan Joel Caraballo-Ortiz (5), Jose Ramon Cannizaro-Burgos (6), Luis Antonio Irizarry-Albino (7), Isaias Manuel Rivera (8), Jean Carlos Ayala-Morales (10), Angel Edid Velez-Echevarria (11), Nestor Rodriguez-Echevarria (12), Steven Velez-Echevarria (13), Jean Carlos Cabello-Maldonado (14), Jose Angel Velazquez-Seda (15), Richardson Enoc Cordero-Gallardo (16), Alejandro Martin Borrero-Rodriguez (17), Kevin Joel Bermudez-Torres (18), Daniel Perez (19), Liz Marie Rosado-Velez (20), Benjamin Velez-Rodriguez (21), Manuel De Jesus Castro-Pena (22), Harvey Ramirez-Perez (23) held on 2/10/2023 by Video Tele-Conference (VTC). **Cellphone extractions due by 2/27/2023. Further Status Conference is set for 4/17/2023 at 9:00 AM by VTC before Judge Silvia L. Carreno-Coll.** Hearing access credentials are available in the following URL link: **https://www.prd.uscourts.gov/video-teleconference-vtc-hearing-links**. STA tolled in the interest of justice. The Court finds that defendants' need to review discovery and engage in plea conversations outweighs the defendants' and the community's interest in a speedy trial.(Court Reporter Evilys Carrion.)Hearing set for 09:30.Hearing held at 09:49.Hearing ended at 10:01. (ram) (Entered: 02/17/2023) |
| 03/02/2023 | 265 | INFORMATIVE Motion by USA as to Jesus Manuel Castro-Oliveras (1), Giovanni Joel Vargas-Maldonado (2), Carlos Irving Caraballo-Rodriguez (3), Angel Osvaldo |

|            |     |     |
|------------|-----|-----|
|            |     | Pietri-Velazquez (4), Dayan Joel Caraballo-Ortiz (5), Jose Ramon Cannizaro-Burgos (6), Luis Antonio Irizarry-Albino (7), Isaias Manuel Rivera (8), Irving Joel Torres-Pacheco (9), Jean Carlos Ayala-Morales (10), Angel Edid Velez-Echevarria (11), Nestor Rodriguez-Echevarria (12), Steven Velez-Echevarria (13), Jean Carlos Cabello-Maldonado (14), Jose Angel Velazquez-Seda (15), Richardson Enoc Cordero-Gallardo (16), Alejandro Martin Borrero-Rodriguez (17), Kevin Joel Bermudez-Torres (18), Daniel Perez (19), Liz Marie Rosado-Velez (20), Benjamin Velez-Rodriguez (21), Manuel De Jesus Castro-Pena (22), Harvey Ramirez-Perez (23). Responses due by 3/16/2023. NOTE: Pursuant to FRCP 6(a) an additional three days does not apply to service done electronically. (Eaton, Richard) (Entered: 03/02/2023) |
| 03/09/2023 | 266 | ORDER noted 265 Informative Motion as to Jesus Manuel Castro-Oliveras (1), Giovanni Joel Vargas-Maldonado (2), Carlos Irving Caraballo-Rodriguez (3), Angel Osvaldo Pietri-Velazquez (4), Dayan Joel Caraballo-Ortiz (5), Jose Ramon Cannizaro-Burgos (6), Luis Antonio Irizarry-Albino (7), Isaias Manuel Rivera (8), Irving Joel Torres-Pacheco (9), Jean Carlos Ayala-Morales (10), Angel Edid Velez-Echevarria (11), Nestor Rodriguez-Echevarria (12), Steven Velez-Echevarria (13), Jean Carlos Cabello-Maldonado (14), Jose Angel Velazquez-Seda (15), Richardson Enoc Cordero-Gallardo (16), Alejandro Martin Borrero-Rodriguez (17), Kevin Joel Bermudez-Torres (18), Daniel Perez (19), Liz Marie Rosado-Velez (20), Benjamin Velez-Rodriguez (21), Manuel De Jesus Castro-Pena (22), Harvey Ramirez-Perez (23). **The Status Conference remains set for 4/17/2023 at 9:00 AM by VTC before Judge Silvia L. Carreno-Coll.** Hearing access credentials are available in the following URL link: **https://www.prd.uscourts.gov/video-teleconference-vtc-hearing-links**. Signed by Judge Silvia L. Carreno-Coll on 3/9/2023. (ram) (Entered: 03/09/2023) |
| 04/17/2023 | 297 | Minute Entry for proceedings held before Judge Silvia L. Carreno-Coll: Status Conference as to Giovanni Joel Vargas-Maldonado (2), Carlos Irving Caraballo-Rodriguez (3), Angel Osvaldo Pietri-Velazquez (4), Dayan Joel Caraballo-Ortiz (5), Jose Ramon Cannizaro-Burgos (6), Luis Antonio Irizarry-Albino (7), Isaias Manuel Rivera (8), Irving Joel Torres-Pacheco (9), Jean Carlos Ayala-Morales (10), Angel Edid Velez-Echevarria (11), Nestor Rodriguez-Echevarria (12), Steven Velez-Echevarria (13), Jean Carlos Cabello-Maldonado (14), Jose Angel Velazquez-Seda (15), Richardson Enoc Cordero-Gallardo (16), Alejandro Martin Borrero-Rodriguez (17), Kevin Joel Bermudez-Torres (18), Daniel Perez (19), Liz Marie Rosado-Velez (20), Benjamin Velez-Rodriguez (21), Manuel De Jesus Castro-Pena (22), Harvey Ramirez-Perez (23) held on 4/17/2023 by Video Tele-Conference (VTC). **Further Status Conference is set for 6/16/2023 at 9:00 AM by VTC before Judge Silvia L. Carreno-Coll.** STA tolled in the interest of justice. The Court finds that defendants' need to review discovery and engage in plea conversationsoutweighs the defendants' and the community's interest in a speedy trial. Hearing access credentials are available in the following URL link: **https://www.prd.uscourts.gov/video-teleconference-vtc-hearing-links**. (Court Reporter Evilys Carrion.)Hearing set for 09:00.Hearing held at 09:03.Hearing ended at 09:10. (ram) (Entered: 05/31/2023) |
| 06/16/2023 | 324 | Minute Entry for proceedings held before Judge Silvia L. Carreno-Coll: Status Conference as to Giovanni Joel Vargas-Maldonado (2), Carlos Irving Caraballo-Rodriguez (3), Angel Osvaldo Pietri-Velazquez (4), Dayan Joel Caraballo-Ortiz (5), |

| | | |
|---|---|---|
| | | Jose Ramon Cannizaro-Burgos (6), Luis Antonio Irizarry-Albino (7), Isaias Manuel Rivera (8), Irving Joel Torres-Pacheco (9), Jean Carlos Ayala-Morales (10), Angel Edid Velez-Echevarria (11), Nestor Rodriguez-Echevarria (12), Steven Velez-Echevarria (13), Jean Carlos Cabello-Maldonado (14), Jose Angel Velazquez-Seda (15), Richardson Enoc Cordero-Gallardo (16), Alejandro Martin Borrero-Rodriguez (17), Kevin Joel Bermudez-Torres (18), Daniel Perez (19), Liz Marie Rosado-Velez (20), Benjamin Velez-Rodriguez (21), Manuel De Jesus Castro-Pena (22), Harvey Ramirez-Perez (23) held on 6/16/2023 by Video Tele-Conference (VTC). **Further Status Conference is set for 8/16/2023 at 1:30 PM by VTC before Judge Silvia L. Carreno-Coll.** Hearing access credentials are available in the following URL link: **https://www.prd.uscourts.gov/video-teleconference-vtc-hearing-links**. STA tolled in the interest of justice. The Court finds that defendants' need to review discovery and engage in plea conversations outweighs the defendants' and the community's interest in a speedy trial.(Court Reporter Evilys Carrion.)Hearing set for 09:00.Hearing held at 09:16.Hearing ended at 09:36. (ram) (Entered: 07/17/2023) |
| 08/11/2023 | 335 | MOTION for Change of Plea by Jose Angel Velazquez-Seda (15). Responses due by 8/25/2023. NOTE: Pursuant to FRCP 6(a) an additional three days does not apply to service done electronically. (Tomassini-Segarra, Luis) (Entered: 08/11/2023) |
| 08/11/2023 | 336 | ORDER granting 335 Motion for Change of Plea as to Jose Angel Velazquez-Seda (15). **Change of Plea Hearing is set for 9/6/2023 at 9:00 AM in Courtroom 6 before Judge Silvia L. Carreno-Coll.** In view of the Change of Plea Motion filed at Docket No. 335 the Status Conference set for 8/16/2023 as to Jose Angel Velazquez-Seda (15) is hereby VACATED. Signed by Judge Silvia L. Carreno-Coll on 8/11/2023. (mcv) Modified on 8/15/2023 to add last sentence (ecc). (Entered: 08/11/2023) |
| 08/16/2023 | 357 | Minute Entry for proceedings held before Judge Silvia L. Carreno-Coll: Status Conference as to Jesus Manuel Castro-Oliveras (1), Giovanni Joel Vargas-Maldonado (2), Carlos Irving Caraballo-Rodriguez (3), Angel Osvaldo Pietri-Velazquez (4), Dayan Joel Caraballo-Ortiz (5), Jose Ramon Cannizaro-Burgos (6), Luis Antonio Irizarry-Albino (7), Isaias Manuel Rivera (8), Irving Joel Torres-Pacheco (9), Jean Carlos Ayala-Morales (10), Angel Edid Velez-Echevarria (11), Nestor Rodriguez-Echevarria (12), Steven Velez-Echevarria (13), Jean Carlos Cabello-Maldonado (14), Jose Angel Velazquez-Seda (15), Richardson Enoc Cordero-Gallardo (16), Alejandro Martin Borrero-Rodriguez (17), Kevin Joel Bermudez-Torres (18), Daniel Perez (19), Liz Marie Rosado-Velez (20), Benjamin Velez-Rodriguez (21), Manuel De Jesus Castro-Pena (22), Harvey Ramirez-Perez (23) held on 8/16/2023 by Video Tele-Conference (VTC). Present by VTC were AUSA Richard Vance Eaton, Atty. Laura Maldonado, Atty. Francisco Adams (also covering for Atty. Thomas Lincoln, for Atty. Juan Matos de Juan, and for Atty. Yasmin Gonzalez), Atty. Melanie Carrillo, Atty. Rachel Brill (also covering for Atty. Melissa Lubin), Atty. Peter Santiago, Atty. Fernando Zambrana, Atty. Raymond Sanchez, Atty. David Ramos, Atty. Manuel Morales, Atty. Irma Valldejuli, and AFPD Joseph Niskar. Present in the courtroom was Atty. Thomas Trebilcock-Horan (in the courtroom) (also covering for Atty. Giovanni Canino). The motions requesting to substitute counsels at Docket Nos. 341 and 343 are granted. The status of the case was discussed. The government informed that discovery almost complete; the last part is expected to be delivered by Friday, August |

| | | |
|---|---|---|
| | | 18. The government also stated that negotiations are taking place with the defense counsels. Atty. Laura Maldonado informed that she had trouble with discovery production. She just received the previous discovery production, which is the reason for the delay in her client seeing the discovery. The government requested 60 days to keep with ongoing negotiations with defense counsels, without opposition from any of the defense counsels, the Court granted the request. **A further Status Conference is set for 10/16/2023, at 10:00 AM by VTC before Judge Silvia L. Carreno-Coll.** STA tolled in the interest of justice. The Court finds that defendants' need to review discovery and engage in plea conversations outweighs the defendants' and the community's interest in a speedy trial. Hearing access credentials are available in the following URL link: **https://www.prd.uscourts.gov/video-teleconference-vtc-hearing-links**.(Court Reporter Evilys Carrion.) Hearing set for 01:30. Hearing held at 01:34. Hearing ended at 01:45. (mep) (Entered: 08/31/2023) |
| 08/31/2023 | 358 | ORDER as to Jesus Manuel Castro-Oliveras (1), Giovanni Joel Vargas-Maldonado (2), Carlos Irving Caraballo-Rodriguez (3), Angel Osvaldo Pietri-Velazquez (4), Dayan Joel Caraballo-Ortiz (5), Jose Ramon Cannizaro-Burgos (6), Luis Antonio Irizarry-Albino (7), Isaias Manuel Rivera (8), Irving Joel Torres-Pacheco (9), Jean Carlos Ayala-Morales (10), Angel Edid Velez-Echevarria (11), Nestor Rodriguez-Echevarria (12), Steven Velez-Echevarria (13), Jean Carlos Cabello-Maldonado (14), Jose Angel Velazquez-Seda (15), Richardson Enoc Cordero-Gallardo (16), Alejandro Martin Borrero-Rodriguez (17), Kevin Joel Bermudez-Torres (18), Daniel Perez (19), Liz Marie Rosado-Velez (20), Benjamin Velez-Rodriguez (21), Manuel De Jesus Castro-Pena (22), and Harvey Ramirez-Perez (23): Re 357 **Due to calendar conflict, the Status Conference is reset for 10/16/2023, at 11:00 AM by VTC before Judge Silvia L. Carreno-Coll.** Hearing access credentials are available in the following URL link: **https://www.prd.uscourts.gov/video-teleconference-vtc-hearing-links**. Signed by Judge Silvia L. Carreno-Coll on 8/31/2023. (mep) (Entered: 08/31/2023) |
| 09/01/2023 | 361 | MOTION to Withdraw as Attorney by Cristina Caraballo-Colon. by USA as to all defendants. Responses due by 9/15/2023. NOTE: Pursuant to FRCP 6(a) an additional three days does not apply to service done electronically. (Caraballo-Colon, Cristina) Modified on 9/5/2023 to remove defendants names. (mg) (Entered: 09/01/2023) |
| 09/05/2023 | 362 | ORDER granting 361 Motion to Withdraw as Attorney. AUSA Cristina Caraballo-Colonis deemed withdrawn from the case as to All Defendants. Signed by Judge Silvia L. Carreno-Coll on 9/5/2023. (mcv) Modified on 9/6/2023 to replace defendants's names with All Defendants (ecc). (Entered: 09/05/2023) |
| 09/06/2023 | 367 | Minute Entry for proceedings held before Judge Silvia L. Carreno-Coll: Change of Plea Hearing as to Jose Angel Velazquez-Seda (15) held on 9/6/2023. Present were AUSA Pedro Casablanca Sagardia and Atty. Luis E. Tomassini-Segarra. The defendant was present, under custody, and assisted by the Court Interpreter. The defense was heard on its request for a continuance of the hearing. The government did not oppose but stated that if there were any petitions for changes as to the plea agreement, the defense counsel must contact AUSA Richard Vance Eaton prior to the new hearing date. **The Change of Plea Hearing is reset for 9/12/2023, at 10:30 AM in Hato Rey Courtroom 6 before Judge Silvia L. Carreno-Coll.** (Court Reporter Evilys Carrion.) Hearing set for 09:00. Hearing held at 09:19. Hearing ended at 09:25. |

| | | |
|---|---|---|
| | | Interpreter Iris Ramirez. (mep) (Entered: 09/06/2023) |
| 09/07/2023 | 368 | NOTICE OF ATTORNEY APPEARANCE: Damare E.R. Theriot appearing for USA. (Theriot, Damare) (Entered: 09/07/2023) |
| 09/12/2023 | 377 | PLEA AND FORFEITURE AGREEMENT as to Jose Angel Velazquez-Seda (15). (mep) (Entered: 09/13/2023) |
| 09/12/2023 | 378 | ***EX-PARTE*** PLEA AGREEMENT SUPPLEMENT as to Jose Angel Velazquez-Seda (15). (mep) (Entered: 09/13/2023) |
| 09/12/2023 | 379 | Minute Entry for proceedings held before Judge Silvia L. Carreno-Coll: Change of Plea Hearing as to Jose Angel Velazquez-Seda (15) held on 9/12/2023. Present were AUSA Joseph L. Russell and Atty. Luis E. Tomassini Segura. The defendant was present, under custody, and assisted by the Court Interpreter. The defendant was found competent to plead and was advised of the maximum penalties he is facing, his constitutional rights, the consequences of waiving his constitutional rights, and the applicable statutory guidelines. Plea entered by Jose Angel Velazquez-Seda (15): Guilty as to Count 1. **The Sentencing Hearing set for 12/13/2023, at 10:00 AM in Courtroom 6 before Judge Silvia L. Carreno-Coll. The Sentencing Memorandums are due three working days prior to the sentencing hearing.** PSR ordered. Defendant will remain under custody pending sentence. (Court Reporter Evilys Carrion.) Hearing set for 10:30. Hearing held at 10:54. Hearing ended at 11:14. Interpreter Carlos Ravelo. (mep) (Entered: 09/13/2023) |
| 10/11/2023 | 410 | ORDER as to Jose Angel Velazquez-Seda (15): re 379 and 358 **In view of the Change of Plea entered by the defendant on 9/12/2023, the Status Conference scheduled for 10/16/2023 is hereby VACATED.** Signed by Judge Silvia L. Carreno-Coll on 10/11/2023. (mep) (Entered: 10/11/2023) |
| 11/08/2023 | 446 | ***SELECTED PARTIES*** NOTICE of Disclosure of PSR as to Jose Angel Velazquez-Seda (15). Pursuant to Local Rule 132, the U.S. Probation Officer makes disclosure of the presentence report for the defendant of record. According to said rule, any inaccuracies or discrepancies should be reported to the Probation Officer within 14 days from disclosure of the document. Since the presentence report is a Court Document, its contents must not be recorded or otherwise disseminated to third parties in any manner, by USA, US Probation Office, Jose Angel Velazquez-Seda. (Villeta, Carmen) (Entered: 11/08/2023) |
| 11/17/2023 | 449 | ORDER as to Jose Angel Velazquez-Seda (15): **Due to calendar conflict, the Sentencing Hearing is reset for 1/16/2024 at 11:00 AM in Hato Rey Courtroom 6 before Judge Silvia L. Carreno-Coll.** Signed by Judge Silvia L. Carreno-Coll on 11/17/2023. (mcv) (Entered: 11/17/2023) |
| 12/13/2023 | 573 | ORDER terminating 470 Motion in Compliance as to Jean Carlos Cabello-Maldonado (14). Signed by Judge Silvia L. Carreno-Coll on 12/13/2023. (mcv) (Entered: 03/01/2024) |
| 12/15/2023 | 473 | ORDER noted 460 Informative Motion as to Richardson Enoc Cordero-Gallardo (16); noted 459 Motion in Compliance as to Liz Marie Rosado-Velez (20). **Change of Plea or Informative Motion is due by 1/31/2024.** Signed by Judge Silvia L. Carreno-Coll |

| | | |
|---|---|---|
| | | on 12/15/2023. (mcv) (Entered: 12/15/2023) |
| 01/09/2024 | 491 | ***SELECTED PARTIES*** NOTICE of Filing of Addendum to the PSR as to Jose Angel Velazquez-Seda (15). The addendum to the presentence investigation report has been filed in compliance with Rule 32 of the Federal Rules of Criminal Procedure by USA, US Probation Office, Jose Angel Velazquez-Seda (Villeta, Carmen) (Entered: 01/09/2024) |
| 01/09/2024 | 492 | ***FILED IN ERROR - WRONG CASE.*** MOTION to Continue *Sentencing Hearing* by Jose Angel Velazquez-Seda (15). Responses due by 1/23/2024. NOTE: Pursuant to FRCP 6(a) an additional three days does not apply to service done electronically. (Tomassini-Segarra, Luis) Modified on 1/9/2024 to note filed in error (ecc). (Entered: 01/09/2024) |
| 01/09/2024 | | NOTICE of Docket Text Modification by Deputy Clerk as to Jose Angel Velazquez-Seda (15): re: 492 MOTION to Continue *Sentencing Hearing* ***FILED IN ERROR - WRONG CASE.*** (ecc) (Entered: 01/09/2024) |
| 01/09/2024 | 494 | MOTION to Continue *Sentencing Hearing* by Jose Angel Velazquez-Seda (15). Responses due by 1/23/2024. NOTE: Pursuant to FRCP 6(a) an additional three days does not apply to service done electronically. (Tomassini-Segarra, Luis) (Entered: 01/09/2024) |
| 01/09/2024 | 495 | ORDER granting 494 Motion to Continue as to Jose Angel Velazquez-Seda (15). **Sentencing Hearing is reset for 2/9/2024 at 9:00 AM in Hato Rey Courtroom 6 before Judge Silvia L. Carreno-Coll.** Signed by Judge Silvia L. Carreno-Coll on 1/9/2024. (mcv) (Entered: 01/09/2024) |
| 02/05/2024 | 535 | SENTENCING MEMORANDUM by Jose Angel Velazquez-Seda (15) (Attachments: # 1 Appendix Former employer letter) (Tomassini-Segarra, Luis) (Entered: 02/05/2024) |
| 02/09/2024 | 548 | Minute Entry for proceedings held before Judge Silvia L. Carreno-Coll: Sentencing held on 2/9/2024 for Jose Angel Velazquez-Seda (15). Present were AUSA Damare Theriot, attorney Luis Tomassini and USPO Carmen Villeta. The defendant was present in court, under custody, and was assisted by a court interpreter. There were no objections to the PSR. Addendum to the PSR filed at docket entry 491 and Sentencing Memorandum filed by defense at docket entry 535 were noted. Defense and government were heard. Defendant's allocution was heard. After hearing the parties, the Court imposed sentence. IMPR: Ninety-six (96) months; SRT: Eight (8) years; No fine; SMA: $100.00; Forfeiture. Remaining counts as to this defendant dismissed as requested by the government. The defendant was advised of his right to appeal. All terms and conditions are specified in the judgment form. (Court Reporter Evy Carrion.) (Hearing held in Hato Rey Courtroom 6.) Hearing set for 09:00. Hearing held at 09:32. Hearing ended at 09:47.Interpreter Carlos Ravelo. (mr) (Entered: 02/16/2024) |
| 02/09/2024 | 549 | JUDGMENT as to Jose Angel Velazquez-Seda (15), Count(s) 1, IMPR: Ninety-six (96) months; SRT: Eight (8) years; No fine; SMA: $100.00; Forfeiture. Remaining Counts dismissed as requested by the government. Signed by Judge Silvia L. Carreno- |

| | | |
|---|---|---|
| | | Coll on 2/9/2024. (mr) (Entered: 02/16/2024) |
| 02/09/2024 | 550 | ***NOT FOR PUBLIC DISCLOSURE*** Statement of Reasons as to Jose Angel Velazquez-Seda (15). Signed by Judge Silvia L. Carreno-Coll on 2/9/2024. (mr) (Entered: 02/16/2024) |
| 02/23/2024 | 557 | NOTICE OF APPEAL by Jose Angel Velazquez-Seda (15) as to 549 Judgment, **NOTICE TO COUNSEL: Counsel should register for a First Circuit CM/ECF Appellate Filer Account at http://pacer.psc.uscourts.gov/cmecf/. Counsel should also review the First Circuit requirements for electronic filing by visiting the CM/ECF Information section at http://www.ca1.uscourts.gov/cmecf** (Tomassini-Segarra, Luis) (Entered: 02/23/2024) |
| 03/05/2024 | 576 | Certified and Transmitted Record on Appeal as to Jose Angel Velazquez-Seda (15) to US Court of Appeals re 557 Notice of Appeal - Final Judgment [Docket Entries 549 & 557] (mcm) (Entered: 03/05/2024) |
| 03/07/2024 | 579 | USCA Case Number 24-1224 for 557 Notice of Appeal - Final Judgment, filed by Jose Angel Velazquez-Seda (15). (mcm) (Entered: 03/07/2024) |

14

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| United States of America<br>*Plaintiff*<br><br>Vs.<br><br>Jose Angel Velazquez-Seda (15)<br>*Defendant* | Criminal No. 22-409 (SCC) |

NOTICE OF APPEAL

TO THE HONORABLE SILVIA L. CARRENO-COLL
UNITED STATES DISTRICT JUDGE
FOR THE DISTRICT OF PUERTO RICO

**COMES NOW** the defendant, Jose Angel Velazquez-Seda, through the undersigned court appointed counsel and hereby respectfully states and prays the following:

1. Notice is hereby given that defendant appeals from the judgment entered against him in the above criminal case on February 16, 2024. Docket Entry No. 549.

WHEREFORE, in view of the above, we respectfully request from this Honorable Court to grant this Motion.

I HEREBY CERTIFY that this motion has been filed using the CM/ECF filing system and that a copy of this Motion will be sent to all parties in this case.

RESPECTFULLY REQUESTED.

In San Juan, Puerto Rico, this 23rd day of February 2024.

RECEIVED AND FILED
CLERK'S OFFICE USDC PR
2022 SEP 14 PM 5:46

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br>*Plaintiff,* | **INDICTMENT** |
| **v.** | **FILED UNDER SEAL** |
| **[1] JESUS MANUEL CASTRO-OLIVERAS**, a/k/a "Chuy, Chuí"<br>(Counts ONE through SIX) | **CRIMINAL NO.  22-** 409 (SCC) |
| **[2] GIOVANNI JOEL VARGAS-MALDONADO,** a/k/a "Giova, Jova, La J"<br>(Counts ONE through SIX) | **Violations:** |
| **[3] CARLOS IRVING CARABALLO-RODRIGUEZ**, a/k/a "Coco, Vizco"<br>(Counts ONE through SIX) | **(COUNT ONE)**<br>21 U.S.C. §§ 841(a)(1), 846, and 860. |
| **[4] ANGEL OSVALDO PIETRI-VELAZQUEZ,** a/k/a "Chuleta"<br>(Counts ONE through SIX) | **(COUNT TWO)**<br>21 U.S.C. §§ 841(a)(1), 860 and 18 U.S.C. §2. |
| **[5] DAYAN JOEL CARABALLO-ORTIZ**, a/k/a "Jowel, Joel"<br>(Counts ONE through SIX) | **(COUNT THREE)**<br>21 U.S.C. §§ 841(a)(1), 860 and 18 U.S.C. §2. |
| **[6] JOSE RAMÓN CANNIZARO-BURGOS**, a/k/a "Monchito"<br>(Counts ONE through SIX) | **(COUNT FOUR)**<br>21 U.S.C. §§ 841(a)(1), 860 and 18 U.S.C. §2. |
| **[7] LUIS ANTONIO IRIZARRY-ALBINO**, a/k/a "Luisito"<br>(Counts ONE through SIX) | **(COUNT FIVE)**<br>21 U.S.C. §§ 841(a)(1), 860 and 18 U.S.C. §2. |
| **[8] ISAIAS MANUEL RIVERA**<br>(Counts ONE through SIX) | **(COUNT SIX)**<br>18 U.S.C. § 924(c). |
| **[9]    IRVING JOEL TORRES PACHECO,**<br>(Counts ONE through SIX) | **Forfeiture Allegation**<br>18 U.S.C. §982<br>21 U.S.C. § 853 and Rule 32.2(a)<br>F.R.C.P.<br>28 U.S.C., §2461(c) |
| **[10]    JEAN CARLOS AYALA-MORALES,** a/k/a "Flaco"<br>(Counts ONE through FIVE) | |
| **[11]    ANGEL EDID VELEZ-ECHEVARRIA,** a/k/a "Gordo Angel, Hammer"<br>(Counts ONE through FIVE) | **(SIX COUNTS)** |

16

**[12]   NESTOR RODRIGUEZ-ECHEVARRIA,** a/k/a "Tito"
(Counts ONE through FIVE)
**[13]   STEVEN VELEZ-ECHEVARRIA,** a/k/a "Steven"
(Counts ONE through FIVE)
**[14]   JEAN CARLOS CABELLO-MALDONADO,** a/k/a "Pikin"
(Counts ONE through FIVE)
**[15]   JOSE ANGEL VELAZQUEZ-SEDA,** a/k/a "Tito Chuleta"
(Counts ONE through FIVE)
**[16]   RICHARDSON ENOC CORDERO-GALLARDO,** a/k/a "Richard"
(Counts ONE through FIVE)
**[17]   ALEJANDRO MARTIN BORRERO-RODRIGUEZ,** a/k/a "Alejandro"
(Counts ONE through FIVE)
**[18]   KEVIN JOEL BERMUDEZ-TORRES,**
(Counts ONE through FIVE)
**[19]   DANIEL PEREZ,**
(Counts ONE through FIVE)
**[20]   LIZ MARIE ROSADO-VELEZ,** a/k/a "La Gorda"
(Counts ONE through FIVE)
**[21]   BENJAMIN VELEZ-RODRIGUEZ,** a/k/a "Benji"
(Counts ONE through FIVE)
**[22]   MANUEL DE JESUS CASTRO-PEÑA,** a/k/a "Manolo" "Manuel De-Jesus-Castro"
(Counts ONE through FIVE)
**[23]   HARVEY RAMIREZ-PEREZ**
(Counts ONE through FIVE)

*Defendants.*

2

17

**THE GRAND JURY CHARGES:**

**COUNT ONE**

**Title 21, *United States Code*, Sections 841(a)(1), 846 and 860**
**Conspiracy to Possess with Intent to Distribute Controlled Substances**

From a date unknown during the year 2019 and continuing up to and until the

return of the instant Indictment, in the Municipality of Yauco, in the District of

Puerto Rico, and elsewhere within the jurisdiction of this Court,

[1] **JESUS MANUEL CASTRO-OLIVERAS**, a/k/a "Chuy, Chui"
[2] **GIOVANNI JOEL VARGAS-MALDONADO**, a/k/a "Giova, Jova, La J"
[3] **CARLOS IRVING CARABALLO-RODRIGUEZ**, a/k/a "Coco, Vizco"
[4] **ANGEL OSVALDO PIETRI-VELAZQUEZ**, a/k/a "Chuleta"
[5] **DAYAN JOEL CARABALLO-ORTIZ**, a/k/a "Jowel, Joel"
[6] **JOSE RAMÓN CANNIZARO-BURGOS**, a/k/a "Monchito"
[7] **LUIS ANTONIO IRIZARRY-ALBINO**, a/k/a "Luisito"
[8] **ISAIAS MANUEL RIVERA,**
[9] **IRVING JOEL TORRES PACHECO,**
[10] **JEAN CARLOS AYALA-MORALES**, a/k/a "Flaco"
[11] **ANGEL EDID VELEZ-ECHEVARRIA**, a/k/a "Gordo Angel, Hammer"
[12] **NESTOR RODRIGUEZ-ECHEVARRIA**, a/k/a "Tito"
[13] **STEVEN VELEZ-ECHEVARRIA**, a/k/a "Steven"
[14] **JEAN CARLOS CABELLO-MALDONADO**, a/k/a "Pikin"
[15] **JOSE ANGEL VELAZQUEZ-SEDA**, a/k/a "Tito Chuleta"
[16] **RICHARDSON ENOC CORDERO-GALLARDO**, a/k/a "Richard"
[17] **ALEJANDRO MARTIN BORRERO-RODRIGUEZ**, a/k/a "Alejandro"
[18] **KEVIN JOEL BERMUDEZ-TORRES,**
[19] **DANIEL PEREZ,**
[20] **LIZ MARIE ROSADO-VELEZ**, a/k/a "La Gorda"
[21] **BENJAMIN VELEZ-RODRIGUEZ**, a/k/a "Benji"
[22] **MANUEL DE JESUS CASTRO-PEÑA**, a/k/a "Manolo" "Manuel De-Jesus-Castro"
[23] **HARVEY RAMIREZ-PEREZ,**

the defendants herein, did knowingly and intentionally, combine, conspire, and agree

with each other and with diverse other persons known and unknown to the

3

18

Grand Jury, to commit an offense against the United States, that is, to knowingly and intentionally possess with intent to distribute and/or to distribute controlled substances, to wit: in excess of two hundred and eighty (280) grams of a mixture or substance containing a detectable amount of cocaine base (crack), a Schedule II Narcotic Drug Controlled Substance; in excess of one (1) kilogram of a mixture or substance containing a detectable amount of heroin, a Schedule I, Narcotic Drug Controlled Substance; in excess of five (5) kilograms of a mixture or substance containing a detectable amount of cocaine, a Schedule II, Narcotic Drug Controlled Substance; less than 50 kilograms of marihuana of a mixture or substance containing a detectable amount of marijuana, a Schedule I, Controlled Substance; within one thousand (1,000) feet of a real property of the Santa Catalina Public Housing Project, a housing facility owned by a public housing authority, and other areas nearby the municipality of Yauco, Puerto Rico.  All in violation of Title 21, *United States Code*, Sections 841(a)(1), 846 and 860.

## **OBJECT OF THE CONSPIRACY**

The object of the conspiracy was the large-scale distribution of controlled substances at the Santa Catalina Public Housing Project, and other areas nearby the municipality of Yauco, Puerto Rico, all for significant financial gain and profit.

4

## MANNER AND MEANS OF THE CONSPIRACY

The manner and means by which the defendants and co-conspirators would accomplish and further the object of the conspiracy, among others, included the following:

1. It was part of the manner and means of the conspiracy that the defendants and their co- conspirators established a drug point that would be moved throughout different areas inside the public housing project to avoid law enforcement detection. Some areas of drug distribution include the areas between buildings 12, 18, the basketball court, and the tree in front of the old school, inside the Santa Catalina Public Housing Project.

2. It was part of the manner and means of the conspiracy that sometimes the leaders would move the drug point sale to the third floor of a building and would dispatch the controlled substances from a balcony using a rope down to the first floor, to avoid law enforcement detection.

3. It was further part of the means and manner of the conspiracy that the defendants and their co-conspirators would sell street quantities amounts of heroin, cocaine base ("crack"), cocaine, and marijuana in such drug point areas.

4. It was further part of the manner and means of the conspiracy that the defendants and their co-conspirators would purchase wholesale quantities of heroin, cocaine and· marijuana in order to distribute the same in street-quantity amounts at the drug distribution point in the Santa Catalina Public Housing Project.

5

5. It was further part of the manner and means of the conspiracy that some of the defendants and their co-conspirators would weight, cut, divide and package heroin, cocaine base ("crack"), cocaine and marijuana in small "baggies", vials or packaging for subsequent sale at the above-mentioned drug distribution point.

6. It was a further part of the manner and means of the conspiracy that some of the cocaine purchased at wholesale quantities would be converted into crack cocaine, "cooked", for subsequent sale and distribution at their drug distribution points.

7. It was further part of the manner and means of the conspiracy that leaders, drug point owners, runners and sellers of this organization would divide among themselves and their subordinates the proceeds of the drug trafficking sales. The "drug owners" would often receive proceeds from the sale of specific controlled substances and/or a specific sale size.

8. It was further part of the manner and means of the conspiracy that some of the defendants and their co-conspirators would often prepare the narcotics in the apartments of other co-conspirators located within the Santa Catalina Public Housing Project.

9. It was further part of the manner and means of the conspiracy that some of the defendants and their co-conspirators would use abandoned vehicles parked inside the public housing project, in order to conceal the controlled substances.

10. It was further part of the manner and means of the conspiracy that some of the defendants and their co-conspirators would conceal ammunition, magazines and

6

firearms in the apartments registered under other co-conspirators to avoid detection by law enforcement.

11. It was a further part of the manner and means of the conspiracy that some of the defendants and their co-conspirators would have access to different vehicles, to include stolen vehicles, in order to transport money, narcotics and firearms.

12. It was further part of the manner and means of the conspiracy that the leaders of the drug trafficking organization had final approving authority as to disciplinary actions to be imposed upon residents of the Santa Catalina Public Housing Project and/or members of the conspiracy, as well as rival gang members.

13. It was further part of the manner and means of the conspiracy that members of the drug trafficking organization would use force, violence, and intimidation in order to maintain control of the drug trafficking operations, to intimidate rival drug trafficking organizations and to discipline members of their own drug trafficking organization.

14. It was further part of the manner and means of the conspiracy that some of the defendants and their co-conspirators would routinely possess, carry, brandish, and use different types of firearms, including but not limited to modified automatic firearms, high-capacity rifles, in order to protect themselves, the narcotics and their profits from rival drug trafficking gangs.

15. It was further part of the manner and means of the conspiracy that the defendants and their co-conspirators would act in different roles in order to further the

7

goals of the conspiracy, to wit: leaders, drug point owners, suppliers, runners, enforcers, sellers, facilitators and lookouts.

16.  It was further part of the manner and means of the conspiracy that the leaders would maintain a group of co-defendants administrating the daily activities of the drug distribution point.

17.  It was further part of the manner and means of the conspiracy that some of the defendants and their co-conspirators would use two-way radios ("walkie-talkies" referred to as scanners) and cellphones in order to communicate and alert the presence of law enforcement agents or members of rival gangs and to communicate among themselves regarding the operations of the drug distribution point.

18.  It was further part of the manner and means of the conspiracy that some of the defendants and their co-conspirators would often act as "lookouts" to alert other co-conspirators of the presence of law enforcement agents and/or rival drug traffickers.

19.  It was further part of the manner and means of the conspiracy that members of the drug trafficking organization would often "abduct" and assault rival drug traffickers as well as members of their own drug trafficking organization, in order to intimidate and maintain control of the drug trafficking activities.

## ROLES OF THE MEMBERS OF THE CONSPIRACY

Leaders directly controlled and supervised the drug trafficking activities at the drug points located within the Santa Catalina Public Housing Project.

Enforcers did possess, carry, brandish, use and discharge firearms to protect the leaders and members of the drug trafficking organization, the narcotics, the proceeds derived from their sales, and to further accomplish the goals of the conspiracy. Enforcers often acted upon instructions given by the leaders of this organization. Enforcers would often provide protection to the drug trafficking organization's drug distribution points.

The runners worked under the direct supervision of the leaders of the drug trafficking organization. They were responsible for providing sufficient narcotics to the sellers for further distribution at the drug point. They were also responsible for collecting the proceeds of drug sales and paying the street sellers. They would also supervise and make sure that there were street sellers for every shift of the drug point. They would make schedules and prepare ledgers to maintain accountability of the sales of the narcotics sold at the drug point. At various times, they would be responsible for recruiting street sellers and additional runners. The runners had a supervisory role within the conspiracy, as they would directly supervise on a daily basis, the activities of multiple sellers, and the daily activities of the drug points.

The sellers would distribute street quantity amounts of heroin, crack cocaine, cocaine, and marijuana. As sellers, they were accountable for the drug proceeds and the narcotics sold at the drug distribution points. At times, sellers would use two-way radios ("walkie-talkies", "scanners") in order to communicate with other members of the organization.

9

"Facilitators" would allow the use of their residences in order to process, store, and package narcotics, paraphernalia, firearms and ammunition. Some facilitators would also work as lookouts for the organization using two-way radios or walkie-talkies to alert sellers and runners of the presence of law enforcement and rival drug traffickers. Some facilitators would aid the leaders and other members of the organization in the handling and management of the organization's proceeds.

All in violation of Title 21, *United States Code*, Sections 841(a)(1), 846 and 860.

## COUNT TWO

### 21 U.S.C. §§ 841(a)(1), (b)(1)(A)(i) and 860
### Aiding and Abetting in the Possession/Distribution of Heroin

From a date unknown during the year 2019 and continuing up to and until the return of the instant Indictment, in the Municipality of Yauco, in the District of Puerto Rico, and elsewhere within the jurisdiction of this Court,

[1]   **JESUS MANUEL CASTRO-OLIVERAS,** a/k/a "Chuy, Chui"
[2]   **GIOVANNI JOEL VARGAS-MALDONADO,** a/k/a "Giova, Jova, La J"
[3]   **CARLOS IRVING CARABALLO-RODRIGUEZ,** a/k/a "Coco, Vizco"
[4]   **ANGEL OSVALDO PIETRI-VELAZQUEZ,** a/k/a "Chuleta"
[5]   **DAYAN JOEL CARABALLO-ORTIZ,** a/k/a "Jowel, Joel"
[6]   **JOSE RAMÓN CANNIZARO-BURGOS,** a/k/a "Monchito"
[7]   **LUIS ANTONIO IRIZARRY-ALBINO,** a/k/a "Luisito"
[8]   **ISAIAS MANUEL RIVERA**
[9]   **IRVING JOEL TORRES PACHECO,**
[10]  **JEAN CARLOS AYALA-MORALES,** a/k/a "Flaco"
[11]  **ANGEL EDID VELEZ-ECHEVARRIA,** a/k/a "Gordo Angel, Hammer"
[12]  **NESTOR RODRIGUEZ-ECHEVARRIA,** a/k/a "Tito"
[13]  **STEVEN VELEZ-ECHEVARRIA,** a/k/a "Steven"
[14]  **JEAN CARLOS CABELLO-MALDONADO,** a/k/a "Pikin"
[15]  **JOSE ANGEL VELAZQUEZ-SEDA,** a/k/a "Tito Chuleta"
[16]  **RICHARDSON ENOC CORDERO-GALLARDO,** a/k/a "Richard"
[17]  **ALEJANDRO MARTIN BORRERO-RODRIGUEZ,** a/k/a "Alejandro"

[18]   **KEVIN JOEL BERMUDEZ-TORRES,**
[19]   **DANIEL PEREZ,**
[20]   **LIZ MARIE ROSADO-VELEZ,** a/k/a "La Gorda"
[21]   **BENJAMIN VELEZ-RODRIGUEZ,** a/k/a "Benji"
[22]   **MANUEL DE JESUS CASTRO-PEÑA,** a/k/a "Manolo" "Manuel De-Jesus-Castro"
[23]   **HARVEY RAMIREZ-PEREZ,**

the defendants herein, aiding and abetting one another, did knowingly and intentionally possess with intent to distribute one (1) kilogram or more of a mixture or substance containing a detectable amount of heroin, a Schedule I Narcotic Drug Controlled Substance, within one thousand (1,000) feet of a real property comprising the Santa Catalina Public Housing Project, a housing facility owned by a public housing authority, and other areas nearby the municipality of Yauco, Puerto Rico. All in violation of Title 21, *United Sates Code*, Sections 841(a)(1), (b)(1)(A)(i), 860 and Title 18, *United States Code*, Section 2.

## COUNT THREE

### 21 U.S.C. §§ 841(a)(1), (b)(1)(A)(iii) and 860
### Aiding and Abetting in the Possession/Distribution of Cocaine Base

From a date unknown during the year 2019 and continuing up to and until the return of the instant Indictment, in the Municipality of Yauco, in the District of Puerto Rico, and elsewhere within the jurisdiction of this Court,

[1]   **JESUS MANUEL CASTRO-OLIVERAS,** a/k/a "Chuy, Chui"
[2]   **GIOVANNI JOEL VARGAS-MALDONADO,** a/k/a "Giova, Jova, La J"
[3]   **CARLOS IRVING CARABALLO-RODRIGUEZ,** a/k/a "Coco, Vizco"
[4]   **ANGEL OSVALDO PIETRI-VELAZQUEZ,** a/k/a "Chuleta"
[5]   **DAYAN JOEL CARABALLO-ORTIZ,** a/k/a "Jowel, Joel"
[6]   **JOSE RAMÓN CANNIZARO-BURGOS,** a/k/a "Monchito"
[7]   **LUIS ANTONIO IRIZARRY-ALBINO,** a/k/a "Luisito"

11

[8]   **ISAIAS MANUEL RIVERA**
[9]   **IRVING JOEL TORRES PACHECO,**
[10]  **JEAN CARLOS AYALA-MORALES,** a/k/a "Flaco"
[11]  **ANGEL EDID VELEZ-ECHEVARRIA,** a/k/a "Gordo Angel, Hammer"
[12]  **NESTOR RODRIGUEZ-ECHEVARRIA,** a/k/a "Tito"
[13]  **STEVEN VELEZ-ECHEVARRIA,** a/k/a "Steven"
[14]  **JEAN CARLOS CABELLO-MALDONADO,** a/k/a "Pikin"
[15]  **JOSE ANGEL VELAZQUEZ-SEDA,** a/k/a "Tito Chuleta"
[16]  **RICHARDSON ENOC CORDERO-GALLARDO,** a/k/a "Richard"
[17]  **ALEJANDRO MARTIN BORRERO-RODRIGUEZ,** a/k/a "Alejandro"
[18]  **KEVIN JOEL BERMUDEZ-TORRES,**
[19]  **DANIEL PEREZ,**
[20]  **LIZ MARIE ROSADO-VELEZ,** a/k/a "La Gorda"
[21]  **BENJAMIN VELEZ-RODRIGUEZ,** a/k/a "Benji"
[22]  **MANUEL DE JESUS CASTRO-PEÑA,** a/k/a "Manolo" "Manuel De-Jesus-Castro"
[23]  **HARVEY RAMIREZ-PEREZ,**

the defendants herein, aiding and abetting one another, did knowingly and intentionally possess with intent to distribute two hundred and eighty (280) grams or more of a mixture or substance containing a detectable amount of cocaine base (Crack), a Schedule II Narcotic Drug Controlled Substance, within one thousand (1,000) feet of a real property comprising, the Santa Catalina Public Housing Project, a housing facility owned by a public housing authority, and other areas nearby the municipality of Yauco, Puerto Rico. All in violation of Title 21, *United Sates Code*, Sections 841(a)(1), (b)(1)(A)(iii), 860 and Title 18, *United States Code*, Section 2.

12

## COUNT FOUR

**21 U.S.C. §§ 841(a)(1), (b)(1)(A)(ii) and 860**
**Aiding and Abetting in the Possession/Distribution of Cocaine**

From a date unknown during the year 2019 and continuing up to and until the

return of the instant Indictment, in the Municipality of Yauco, in the District of

Puerto Rico, and elsewhere within the jurisdiction of this Court,

| | |
|---|---|
| **[1]** | **JESUS MANUEL CASTRO-OLIVERAS,** a/k/a "Chuy, Chui" |
| **[2]** | **GIOVANNI JOEL VARGAS-MALDONADO,** a/k/a "Giova, Jova, La J" |
| **[3]** | **CARLOS IRVING CARABALLO-RODRIGUEZ,** a/k/a "Coco, Vizco" |
| **[4]** | **ANGEL OSVALDO PIETRI-VELAZQUEZ,** a/k/a "Chuleta" |
| **[5]** | **DAYAN JOEL CARABALLO-ORTIZ,** a/k/a "Jowel, Joel" |
| **[6]** | **JOSE RAMÓN CANNIZARO-BURGOS,** a/k/a "Monchito" |
| **[7]** | **LUIS ANTONIO IRIZARRY-ALBINO,** a/k/a "Luisito" |
| **[8]** | **ISAIAS MANUEL RIVERA** |
| **[9]** | **IRVING JOEL TORRES PACHECO,** |
| **[10]** | **JEAN CARLOS AYALA-MORALES,** a/k/a "Flaco" |
| **[11]** | **ANGEL EDID VELEZ-ECHEVARRIA,** a/k/a "Gordo Angel, Hammer" |
| **[12]** | **NESTOR RODRIGUEZ-ECHEVARRIA,** a/k/a "Tito" |
| **[13]** | **STEVEN VELEZ-ECHEVARRIA,** a/k/a "Steven" |
| **[14]** | **JEAN CARLOS CABELLO-MALDONADO,** a/k/a "Pikin" |
| **[15]** | **JOSE ANGEL VELAZQUEZ-SEDA,** a/k/a "Tito Chuleta" |
| **[16]** | **RICHARDSON ENOC CORDERO-GALLARDO,** a/k/a "Richard" |
| **[17]** | **ALEJANDRO MARTIN BORRERO-RODRIGUEZ,** a/k/a "Alejandro" |
| **[18]** | **KEVIN JOEL BERMUDEZ-TORRES,** |
| **[19]** | **DANIEL PEREZ,** |
| **[20]** | **LIZ MARIE ROSADO-VELEZ,** a/k/a "La Gorda" |
| **[21]** | **BENJAMIN VELEZ-RODRIGUEZ,** a/k/a "Benji" |
| **[22]** | **MANUEL DE JESUS CASTRO-PEÑA,** a/k/a "Manolo" "Manuel De-Jesus-Castro" |
| **[23]** | **HARVEY RAMIREZ-PEREZ,** |

the defendants herein, aiding and abetting one another, did knowingly and

intentionally possess with intent to distribute five (5) kilograms or more of a mixture

or substance containing a detectable amount of cocaine, a Schedule II Narcotic Drug

13

28

Controlled Substance, within one thousand (1,000) feet of a real property comprising the Santa Catalina Public Housing Project, a housing facility owned by a public housing authority, and other areas nearby the municipality of Yauco, Puerto Rico. All in violation of Title 21, *United Sates Code*, Sections 841(a)(1), (b)(1)(A)(ii), 860 and Title 18, *United States Code*, Section 2.

## COUNT FIVE
### 21 U.S.C. §§ 841(a)(1), (b)(1)(C) and 860
### Aiding and Abetting in the Possession/Distribution of Marihuana

From a date unknown during the year 2019 and continuing up to and until the return of the instant Indictment, in the Municipality of Yauco, in the District of Puerto Rico, and elsewhere within the jurisdiction of this Court,

[1]   **JESUS MANUEL CASTRO-OLIVERAS**, a/k/a "Chuy, Chui"
[2]   **GIOVANNI JOEL VARGAS-MALDONADO**, a/k/a "Giova, Jova, La J"
[3]   **CARLOS IRVING CARABALLO-RODRIGUEZ**, a/k/a "Coco, Vizco"
[4]   **ANGEL OSVALDO PIETRI-VELAZQUEZ**, a/k/a "Chuleta"
[5]   **DAYAN JOEL CARABALLO-ORTIZ**, a/k/a "Jowel, Joel"
[6]   **JOSE RAMÓN CANNIZARO-BURGOS**, a/k/a "Monchito"
[7]   **LUIS ANTONIO IRIZARRY-ALBINO**, a/k/a "Luisito"
[8]   **ISAIAS MANUEL RIVERA**
[9]   **IRVING JOEL TORRES PACHECO**,
[10]  **JEAN CARLOS AYALA-MORALES**, a/k/a "Flaco"
[11]  **ANGEL EDID VELEZ-ECHEVARRIA**, a/k/a "Gordo Angel, Hammer"
[12]  **NESTOR RODRIGUEZ-ECHEVARRIA**, a/k/a "Tito"
[13]  **STEVEN VELEZ-ECHEVARRIA**, a/k/a "Steven"
[14]  **JEAN CARLOS CABELLO-MALDONADO**, a/k/a "Pikin"
[15]  **JOSE ANGEL VELAZQUEZ-SEDA**, a/k/a "Tito Chuleta"
[16]  **RICHARDSON ENOC CORDERO-GALLARDO**, a/k/a "Richard"
[17]  **ALEJANDRO MARTIN BORRERO-RODRIGUEZ**, a/k/a "Alejandro"
[18]  **KEVIN JOEL BERMUDEZ-TORRES**,
[19]  **DANIEL PEREZ**,
[20]  **LIZ MARIE ROSADO-VELEZ**, a/k/a "La Gorda"
[21]  **BENJAMIN VELEZ-RODRIGUEZ**, a/k/a "Benji"

**[22]   MANUEL DE JESUS CASTRO-PEÑA,** a/k/a "Manolo" "Manuel De-Jesus-Castro"
**[23]   HARVEY RAMIREZ-PEREZ,**

the defendants herein, aiding and abetting one another, did knowingly and intentionally possess with intent to distribute more than 50 kilograms of marihuana of a mixture or substance containing a detectable amount of marijuana, a Schedule I Controlled Substance, within one thousand (1,000) feet of a real property comprising the Santa Catalina Public Housing Project, a housing facility owned by a public housing authority, and other areas nearby the municipality of Yauco, Puerto Rico. All in violation of Title 21, *United Sates Code*, Sections 841(a)(1), (b)(1)(C), 860 and Title 18, *United States Code*, Section 2.

## COUNT SIX

### 18 U.S.C. §§ 924(c)(1)(A)
### Possession of Firearms in Furtherance of a Drug Trafficking Crime

From a date unknown during the year 2019 and continuing up to and until the return of the instant Indictment, in the Municipality of Yauco, in the District of Puerto Rico, and elsewhere within the jurisdiction of this Court,

**[1]   JESUS MANUEL CASTRO-OLIVERAS,** a/k/a "Chuy, Chui"
**[2]   GIOVANNI JOEL VARGAS-MALDONADO,** a/k/a "Giova, Jova, La J"
**[3]   CARLOS IRVING CARABALLO-RODRIGUEZ,** a/k/a "Coco, Vizco"
**[4]   ANGEL OSVALDO PIETRI-VELAZQUEZ,** a/k/a "Chuleta"
**[5]   DAYAN JOEL CARABALLO-ORTIZ,** a/k/a "Jowel, Joel"
**[6]   JOSE RAMÓN CANNIZARO-BURGOS,** a/k/a "Monchito"
**[7]   LUIS ANTONIO IRIZARRY-ALBINO,** a/k/a "Luisito"
**[8]   ISAIAS MANUEL RIVERA,**
**[9]   IRVING JOEL TORRES PACHECO,**

15

30

the defendants herein, did knowingly and unlawfully possess firearms, of unknown make and caliber, as that term is defined in Title 18, *United States Code*, Section 921(a)(3), in furtherance of a drug trafficking crime for which they may be prosecuted in a Court of the United States, that is possession with intent to distribute controlled substances, in violation of Title 21, *United States Code*, Section 841 (a)(1). All in violation of Title 18, *United States Code*, Section 924(c)(1)(A).

## NARCOTICS FORFEITURE ALLEGATION

The allegations contained in Counts ONE to FIVE of this Indictment are hereby re-alleged and incorporated by reference for the purpose of alleging forfeitures pursuant to Title 21, *United States Code*, Section 853.

Pursuant to Title 21, *United States Code*, Section 853, upon conviction of the offense in violation of Title 21, *United States Code*, Sections 841 and 846, set forth in Count ONE through FIVE of this Indictment, the defendants, shall forfeit to the United States, any property constituting, or derived from, proceeds obtained, directly or indirectly, as a result of such offenses and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of the offense. The property to be forfeited includes but is not limited to $10,501,050.00. If any of the property described above, as a result of any act or omission of the defendants:

1. cannot be located upon the exercise of due diligence;

2. has been transferred or sold to, or deposited with, a third party;

3. has been placed beyond the jurisdiction of the court;

16

4. has been substantially diminished in value; or

5. has been commingled with other property which cannot be divided without
   difficulty;

the United States of America shall be entitled to forfeiture of substitute property
pursuant to Title 21 *United States Code*, Section 853(p).

## FIREARMS FORFEITURE ALLEGATION

The allegations contained in Count SIX of this Indictment are hereby realleged
and incorporated by reference for the purpose of alleging forfeitures pursuant to
Title 18, *United States Code*, Section 924(d) and Title 28, *United States Code,*
Section 2461(c). Upon conviction of either of the offense in violation of Title 18,
*United States Code*, Section 924(c) as set forth in Count SIX of this Indictment, the

*Blank Space Left Intentionally*

*Continued on Next Page*

17

32

*United States of America v. CASTRO-Oliveras, et. al.*
*Indictment*

defendants shall forfeit to the United States pursuant to Title 18, *United States Code*, Section 924(d) and Title 28, *United States Code*, Section 2461(c), any firearms and ammunition involved or used in the commission of the offense. All pursuant to Title 18, *United States Code*, Section 924(d) and Title 28, *United States Code*, Section 2461(c).

TRUE BILL

**FOREPERSON**
Date: _Sept 14, 2022_

W. STEPHEN MULDROW
United States Attorney


Alberto R. Lopez Rocafort
Assistant United States Attorney
Chief, Gang Section


Cristina Caraballo-Colón
Special Assistant U.S. Attorney
Gang Section

R. Vance Eaton
Special Assistant U.S. Attorney
Gang Section

18

33

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

UNITED STATES OF AMERICA,
*Plaintiff,*

v.

[15] JOSE ANGEL VELAZQUEZ-SEDA,
a.k.a. "Tito Chuleta"
*Defendant.*

CRIMINAL NO. 22-409 (SCC)

## PLEA AND FORFEITURE AGREEMENT

TO THE HONORABLE COURT:

The United States of America, Defendant, **[15] Jose Angel VELAZQUEZ-Seda**, and Defendant's counsel, Luis E. Tomassini-Segarra, Esq., pursuant to Federal Rule of Criminal Procedure 11, state that they have reached a Plea Agreement, the terms and conditions of which are as follows:

1. **Charges to which Defendant will Plead Guilty**

Defendant agrees to plead guilty to Count One of the Indictment:

<u>Count One</u>: From a date unknown during the year 2019 and continuing up to and until the return of the instant Indictment, in the Municipality of Yauco, in the District of Puerto Rico and within the jurisdiction of this Court, **[15] Jose Angel VELAZQUEZ-Seda**, and other members of the drug trafficking organization ("DTO"), did knowingly and intentionally, combine, conspire, and agree with each other and with diverse other persons known and unknown to the Grand Jury, to commit an offense against the United States, that is, to knowingly and intentionally

34

distribute controlled substances, to wit:  in excess of two hundred and eighty (280) grams of a mixture or substance containing a detectable amount of cocaine base (crack), a Schedule II Narcotic Drug Controlled Substance; in excess of one (1) kilogram of a mixture or substance containing a detectable amount of heroin, a Schedule I, Narcotic Drug Controlled Substance; in excess of five (5) kilograms of a mixture or substance containing a detectable amount of cocaine, a Schedule II, Narcotic Drug Controlled Substance; less than 50 kilograms of marihuana of a mixture or substance containing a detectable amount of marijuana, a Schedule I, Controlled Substance; within one thousand (1,000) feet of a real property of the Santa Catalina Public Housing Project, a housing facility owned by a public housing authority, and other areas nearby the municipality of Yauco, Puerto Rico.   All in violation of Title 21, United States Code, Sections 841(a)(1), 846 and 860.

**2. Maximum Penalties**

Count One: The statutory penalty for the offense charged in Count One of the Indictment, is a term of imprisonment which shall not be less than ten (10) years and up to life in prison; a fine not to exceed twenty million dollars ($20,000,000.00); and a term of supervised release of at least ten (10) years, in addition to any term of incarceration, pursuant to 21 U.S.C. §§ 841(b)(1)(A), 846 and 860.

However, based on the stipulated and agreed amount of narcotics possessed by the defendant, that is, at least 2 KG but less than 3.5 KG of Cocaine, the defendant faces a term of imprisonment which may not be less than 5 years and not more than 80 years, a fine not to exceed ten million dollars ($10,000,000.00), and a term of supervised

release of at least eight (8) years in addition to any term of incarceration, pursuant to 21 U.S.C. §§ 841(b)(1)(B), 846 and 860.

**3. Sentencing Guidelines Applicability**

Defendant understands that the sentence will be imposed by the Court in accordance with 18 U.S.C. § § 3551-86, and the United States Sentencing Guidelines (hereinafter "Guidelines"), which are advisory pursuant to the United States Supreme Court decision in *United States v. Booker*, 543 U.S. 220 (2005). Further, Defendant acknowledges that parole has been abolished, and that the imposition of Defendant's sentence may not be suspended.

**4. Special Monetary Assessment**

Defendant agrees to pay a special monetary assessment ("SMA") of one hundred dollars ($100.00) per count of conviction. The SMA will be deposited in the Crime Victim Fund, pursuant to 18 U.S.C. § 3013 (a)(2)(A).

**5.  Fines and Restitution**

The Court may, pursuant to Section 5E1.2 of the Guidelines order Defendant to pay a fine. The Court may also impose restitution. Defendant agrees to execute and make available, prior to sentencing, a standardized financial statement (OBD Form 500). The United States will advocate on behalf of any identified victim and comply with its obligations under the Mandatory Victim Restitution Act of 1996.

**6. Sentence to be Determined by the Court**

Defendant understands that the sentence to be imposed will be determined solely by the United States District Judge. The United States cannot make and has not made any promise or representation as to what sentence Defendant will receive. Any discussions that the parties might have had about possible sentences are not binding in any way on the Court, and do not constitute representations about what the parties will seek, or what the actual sentence will be.

**7. Recommended Sentencing Guidelines Calculations**

After due consideration of the relevant factors enumerated in 18 U.S.C. § 3553(a), the United States and Defendant submit that the advisory Guidelines calculations listed below apply to Defendant. However, Defendant acknowledges that the Court is not required to accept those recommended Guidelines calculations.



*J.A.V.S*

| Sentencing Guidelines Calculations Table | | | | | | | |
|---|---|---|---|---|---|---|---|
| **COUNT ONE**<br>18 USC § 841(a)(1), (b)(1)(B) and § 846<br>(Conspiracy to Possess with Intent to Distribute Controlled Substances) | | | | | | | |
| **Base Offense Level U.S.S.G. § 2D1.1 (c)(7)**<br>At least 2 KG but less than 3.5 KG of Cocaine; | | | | | | | 26 |
| Protected Location USSG § 2D1.2(a)(1) | | | | | | | +2 |
| Acceptance of Responsibility, U.S.S.G. **§ 3E1.1 (a)&(b)** | | | | | | | -3 |
| TOL | CHC I | CHC II | CHC III | CHC IV | CHC V | CHC VI | Total Offense Level |
| 25 | 057-071 | 063-078 | 070-087 | 084-105 | 100-125 | 110-137 | 25 |

**8. Sentence Recommendation**



As to Count One, and after due consideration of the relevant factors enumerated in 18 U.S.C. § 3553(a), the parties agree that the defendant may argue for a sentence of 60 months of imprisonment while the Government reserves the right to argue for a sentence of up to 72 months of imprisonment, regardless of criminal history category. The parties acknowledge that Count One carries a mandatory minimum sentence of sixty (60) months of imprisonment.

The parties agree that any recommendation by either party for a term of imprisonment below or above the stipulated sentence recommendation will constitute a material breach of the Plea Agreement.

**9. No Stipulation as to Criminal History Category**

The parties do not stipulate as to any Criminal History Category for Defendant.

**10. Waiver of Appeal**

Defendant knowingly and voluntarily agrees that, if the imprisonment sentence imposed by the Court is 72 months or less, Defendant waives the right to appeal any aspect of this case's judgment and sentence, including, but not limited to the term of imprisonment or probation, restitution, fines, forfeiture, and the term and conditions of supervised release.

**11. No Further Adjustments or Departures**

The United States and Defendant agree that no further adjustments or departures to Defendant's total adjusted base offense level and no variant sentence under 18

38

U.S.C. § 3553—other than any explicitly provided for in this Plea Agreement—shall be sought by Defendant. The parties agree that any request by Defendant for an adjustment or departure that is not explicitly provided for in this Plea Agreement will be considered a material breach of this Plea Agreement, and the United States will be free to ask for any sentence, either guideline or statutory.

### 12. Satisfaction with Counsel

Defendant is satisfied with counsel, Luis E. Tomassini-Segarra, Esq., and asserts that counsel has rendered effective legal assistance.

### 13. Rights Surrendered by Defendant Through Guilty Plea

Defendant understands that by entering into this Plea Agreement, Defendant surrenders and waives certain rights as detailed in this agreement. Defendant understands that the rights of criminal defendants include the following:

a. If Defendant had persisted in a plea of not guilty to the charges, Defendant would have had the right to a speedy jury trial with the assistance of counsel. The trial may be conducted by a judge sitting without a jury if Defendant, the United States and the judge agree.

b. If a jury trial is conducted, the jury would be composed of twelve lay persons selected at random. Defendant and Defendant's attorney would assist in selecting the jurors by removing prospective jurors for cause where actual bias or other disqualification is shown, or by removing prospective jurors without cause by exercising peremptory challenges. The jury would have to agree, unanimously, before it could return a verdict of either guilty or not guilty. The jury would be instructed that Defendant is presumed innocent, that it could not convict Defendant unless, after hearing all the evidence, it was persuaded of Defendant's guilt beyond a reasonable doubt, and that it was to consider each charge separately.

c. If a trial is held by the judge without a jury, the judge would find the facts and, after hearing all the evidence and considering each count separately,

determine whether or not the evidence established Defendant's guilt beyond a reasonable doubt.

   d. At a trial, the United States would be required to present its witnesses and other evidence against Defendant. Defendant would be able to confront those witnesses and Defendant's attorney would be able to cross-examine them. In turn, Defendant could present witnesses and other evidence on Defendant's own behalf. If the witnesses for Defendant would not appear voluntarily, Defendant could require their attendance through the subpoena power of the Court.

   e. At a trial, Defendant could rely on the privilege against self-incrimination to decline to testify, and no inference of guilt could be drawn from Defendant's refusal to testify. If Defendant desired to do so, Defendant could testify on Defendant's own behalf.

**14. Stipulation of Facts**

    The accompanying Stipulation of Facts signed by Defendant is hereby incorporated into this Plea Agreement. Defendant adopts the Stipulation of Facts and agrees that the facts therein are accurate in every respect. Defendant agrees and accepts that had the matter proceeded to trial, the United States would have proven those facts beyond a reasonable doubt.

**15. Limitations of Plea Agreement**

    This Plea Agreement binds only the United States Attorney's Office for the District of Puerto Rico and Defendant. It does not bind any other federal district, state, or local authorities.

**16. Entirety of Plea Agreement**

    This written agreement constitutes the complete Plea Agreement between the United States, Defendant, and Defendant's counsel. The United States has made no

promises or representations except as set forth in writing in this Plea Agreement and denies the existence of any other terms and conditions not stated herein.

### 17. Amendments to Plea Agreement

No other promises, terms or conditions will be entered into between the parties unless they are in writing and signed by all parties.

### 18. Dismissal of Remaining Counts

At sentencing should there be any pending counts, and should the Defendant comply with the terms of this Plea Agreement, the United States will move to dismiss the remaining counts of the Indictment pending against Defendant in this case.

### 19. Voluntariness of Plea Agreement

Defendant acknowledges that no threats have been made against Defendant and that Defendant is pleading guilty freely and voluntarily because Defendant is guilty.

### 20. Breach and Waiver

Defendant agrees that defendant will have breached this Plea Agreement if, after entering into this Plea Agreement, Defendant: (a) fails to perform or to fulfill completely each and every one of Defendant's obligations under this Plea Agreement; (b) engages in any criminal activity prior to sentencing; or (c) attempts to withdraw Defendant's guilty plea. In the event of such a breach, the United States will be free from its obligation under this Plea Agreement and Defendant will not have the right to withdraw the guilty plea. Moreover, Defendant agrees that if Defendant is in breach of the Plea Agreement, Defendant is deemed to have waived any objection to the

reinstatement of any charges under the Indictment, Information, or complaint which may have previously been dismissed or which may have not been previously prosecuted.

### 21. Potential Impact on Immigration Status

Pursuant to Federal Rule of Criminal Procedure 11(b)(1)(O), Defendant hereby agrees and recognizes that if convicted, a Defendant who is not a United States citizen may be removed from the United States, denied citizenship, and denied admission to the United States in the future.

### 22. Felony Conviction

Defendant hereby agrees and recognizes that the plea of guilty in this case will be recognized as a felony conviction, which will result in the loss of certain rights, including but not limited to the right to vote in a federal election, to serve as a juror, to hold public office, and to lawfully possess a firearm.

### 23. Forfeiture Provision

Pursuant to this Plea Agreement, the defendant agrees to forfeit to the United States any drug proceeds or substitute assets for that amount, which constitutes or is derived from proceeds generated or traceable to the drug trafficking offense in violation of 21 U.S.C. §§841, 846 and 860. Further, defendant shall forfeit to the United States any property constituting, or derived from, proceeds obtained, directly or indirectly, as a result of said violations and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of the said violations. The defendant

agrees to identify all assets over which the defendant exercises or exercised control, directly or indirectly, within the past three years, or in which the defendant has or had during that time any financial interest. The defendant agrees to take all steps as requested by the United States to obtain from any other parties by any lawful means any records of assets owned at any time by the defendant. Defendant agrees to forfeit to the United States all of the defendant's interests in any asset of a value of more than $1,000 that, within the last three years, the defendant owned, or in which the defendant maintained an interest, the ownership of which the defendant fails to disclose to the United States in accordance with this agreement.

The defendant further agrees to waive all interest in any such asset in any administrative or judicial forfeiture proceeding, whether criminal or civil, state or federal. The defendant agrees to consent to the entry of orders of forfeiture for such property and waives the requirements of Federal Rules of Criminal Procedure 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. Defendant acknowledges that he understands that the forfeiture of assets is part of the sentence that may be imposed in this case and waives any failure by the court to advise him of this, pursuant to Rule 11(b)(1)(J), at the time his guilty plea is accepted.

The defendant further agrees to waive all statutory challenges in any manner (including direct appeal, habeas corpus, or any other means) to any forfeiture carried out in accordance with this Plea Agreement on any grounds, including that the forfeiture constitutes an excessive fine or punishment. The defendant agrees to take all

steps as requested by the United States to pass clear title to forfeitable assets to the United States, and to testify truthfully in any judicial forfeiture proceeding. Defendant acknowledges that all property covered by this agreement is subject to forfeiture as proceeds of illegal conduct, giving rise to forfeiture and/or substitute assets for property otherwise subject to forfeiture.

Defendant by agreeing to the forfeiture stated above, acknowledges that such forfeiture in not grossly disproportional to the gravity of the offense conduct to which defendant is pleading guilty. Defendant agrees that the forfeiture provisions of this plea agreement are intended to, and will, survive him, notwithstanding the abatement of any underlying criminal conviction after the execution of this agreement.

The forfeitability of any particular property pursuant to this agreement shall be determined as if Defendant had survived, and that determination shall be binding upon Defendant's heirs, successors and assigns until the agreed forfeiture, including any agreed money judgment amount, is collected in full.

W. STEPHEN MULDROW
United States Attorney

Alberto Lopez-Rocafort
Assistant United States Attorney
Chief, Gang Section
Dated: 8/30/2023

Cristina Caraballo-Colón
Assistant United States Attorney
Gang Section
Dated: 8.30.2023

Luis E. Tomassini-Segarra, Esq.
Counsel for Defendant
Dated: 09/12/2023

[15] Jose Angel VELAZQUEZ-Seda
Defendant
Dated: 09-12-2023

## UNDERSTANDING OF RIGHTS

I have consulted with counsel and fully understand all my rights as to the charges pending against me. Further, I have consulted with my attorney and fully understand my rights as to the provisions of the Guidelines that may apply in my case. I have read this Plea Agreement and carefully reviewed every part of it with my attorney. My counsel has translated the Plea Agreement to me in the Spanish language and I have no doubts as to the contents of the agreement. I fully understand this agreement and voluntarily agree to it.

Date: 09-12-2023

[15] Jose Angel VELAZQUEZ-Seda
Defendant

I am the attorney for Defendant. I have fully explained Defendant's rights to Defendant with respect to the pending charges. Further, I have reviewed the applicable provisions of the Guidelines and I have fully explained to Defendant the provisions of those Guidelines that may apply in this case. I have carefully reviewed every part of this Plea Agreement with Defendant. I have translated the Plea Agreement and explained it in the Spanish language to the Defendant who has expressed having no doubts as to the contents of the agreement. To my knowledge, Defendant is entering into this Plea Agreement voluntarily, intelligently, and with full knowledge of all consequences of Defendant's plea of guilty.

Date: 09/12/2023

Luis E. Tomassini-Segarra, Esq.
Counsel for Defendant

45

## STIPULATION OF FACTS

In conjunction with the submission of the accompanying Plea Agreement in this case, the Defendant **[15] Jose Angel VELAZQUEZ-Seda** admits to being guilty as charged in the Indictment and that the following is a true and accurate summary of the facts leading to his acceptance of responsibility:

From a date unknown during the year 2019 and continuing up to and until the return of the instant Indictment, in the Municipality of Yauco, in the District of Puerto Rico and within the jurisdiction of this Court, **[15] Jose Angel VELAZQUEZ-Seda**, and other members of the drug trafficking organization ("DTO"), did knowingly and intentionally, combine, conspire, and agree with each other and with diverse other persons known and unknown to the Grand Jury, to commit an offense against the United States, that is, to knowingly and intentionally distribute controlled substances, to wit: in excess of two hundred and eighty (280) grams of a mixture or substance containing a detectable amount of cocaine base (crack), a Schedule II Narcotic Drug Controlled Substance; in excess of one (1) kilogram of a mixture or substance containing a detectable amount of heroin, a Schedule I, Narcotic Drug Controlled Substance; in excess of five (5) kilograms of a mixture or substance containing a detectable amount of cocaine, a Schedule II, Narcotic Drug Controlled Substance; less than 50 kilograms of marihuana of a mixture or substance containing a detectable amount of marijuana, a Schedule I, Controlled Substance; within one thousand (1,000) feet of a real property of the Santa Catalina Public Housing Project, a housing facility

46

owned by a public housing authority, and other areas nearby the municipality of Yauco, Puerto Rico.

The object of the conspiracy was the large-scale distribution of controlled substances at the Santa Catalina Public Housing Project and other areas in the Municipality of Yauco, Puerto Rico, all for significant financial gain and profit. Defendant **[15] Jose Angel VELAZQUEZ-Seda** acted as a seller for the drug trafficking organization. As a seller, the defendant would distribute street-quantity amounts of heroin, crack cocaine, cocaine, and marijuana and was accountable for the drug proceeds and the narcotics sold at the drug distribution points.

While multiple kilograms of heroin, cocaine, cocaine base and marijuana, were distributed during the conspiracy, for the sole purpose of this plea agreement, the defendant acknowledges that during the span of the conspiracy he possessed with intent to distribute at least 2 KG but less than 3.5 KG of Cocaine.

Had this matter proceeded to trial, the United States would have presented evidence through the testimony of witnesses as well as physical, and documentary

*Space Left Blank Intentionally*

*Continued on the Next Page*

evidence, which would have proven, beyond a reasonable doubt, that defendant **[15]**

**Jose Angel VELAZQUEZ-Seda** is guilty as charged in Count One of the Indictment.

Discovery was timely made available to the defendant for his review.

Cristina Caraballo-Colón
Assistant United States Attorney
Gang Section
Dated: 8.30.2023

Luis E. Tomassini-Segarra, Esq.
Counsel for Defendant
Dated: 09/12/2023

[15] Jose Angel VELAZQUEZ-Seda
Defendant
Dated: 09-12-2023

48

```
 1                    IN THE UNITED STATES DISTRICT COURT
                       FOR THE DISTRICT OF PUERTO RICO
 2

 3       :_____:

 4       THE UNITED STATES OF AMERICA,     :
                            Plaintiff,     :
 5                                         :
                        vs.                :   Case No: 22-CR-409 SCC
 6                                         :
         [15] JOSÉ A. VELÁZQUEZ-SEDA,      :
 7       a/k/a Tito Chuleta,               :
                            Defendant.     :
 8       :_____:

 9                 TRANSCRIPT OF CHANGE OF PLEA HEARING
            HELD BEFORE THE HONORABLE JUDGE SILVIA L. CARREÑO-COLL
10       CLEMENTE RUIZ-NAZARIO U.S. COURTHOUSE, SAN JUAN, PUERTO RICO
            TUESDAY, SEPTEMBER 12, 2023, BEGINNING AT 10:55 A.M.
11       :_____:

12

13       A P P E A R A N C E S:

14       For the United States of America:

15            Assistant U.S. Attorney Joseph L. Russell

16

17       For the Defendant:

18            Attorney Luis E. Tomassini-Segarra

19

20       ALSO PRESENT:

21            Maria Elena Pintado-Espiet, Courtroom Deputy Clerk

22            Carlos Ravelo, Court Interpreter

23

24

25
```

Change of Plea Hearing - [15] José Angel Velázquez-Seda

1          THE COURTROOM DEPUTY:  All rise.  Court is
2   in session.
3          (The Court enters the room.)
4          THE COURT:  Good morning.  Please be seated.
5   You may call the case.
6          THE COURTROOM DEPUTY:  Calling criminal case
7   22-00409 for a change of plea hearing.  USA versus
8   José Angel Velázquez-Seda.  On behalf of the
9   government we have AUSA Joseph Russell.  On behalf of
10  the defendant we have Attorney Luis
11  Tomassini-Segarra.  The defendant is present and
12  assisted by a certified court interpreter.
13         THE COURT:  Good morning everyone.
14         MR. TOMASSINI-SEGARRA:  Good morning, Your
15  Honor.
16         THE COURT:  Mr. Velázquez, how are you
17  today.
18         THE DEFENDANT:  Good morning.  I'm fine.
19         THE COURT:  I'm glad to hear that.  And can
20  you hear well the interpreter?
21         THE DEFENDANT:  Yes.  Yes.
22         THE COURT:  And are you ready to proceed?
23         THE DEFENDANT:  Yes.
24         THE COURT:  And I understand that you have
25  in fact reached an agreement with the government and

Change of Plea Hearing - [15] José Angel Velázquez-Seda

1  you are here this morning to plead guilty to Count 1
2  of the indictment.  Is that correct?
3          THE DEFENDANT:  Yes, that is so.
4          THE COURT:  Okay.
5          MR. TOMASSINI-SEGARRA:  Yes, Your Honor.
6          THE COURT:  I'm going to put you under oath.
7          THE COURTROOM DEPUTY:  Please raise your
8  right hand.
9          Do you swear to tell the truth, the whole
10  truth, and nothing but the truth so help you God?
11          THE DEFENDANT:  Yes, I do.
12          THE COURT:  Okay, Mr. Velázquez, you may
13  lower your hand.  However, you are under oath which
14  means you must be truthful because to lie under oath
15  is a crime, it's called perjury.  Are you aware of
16  that?
17          THE DEFENDANT:  Yes.
18          THE COURT:  If at any time throughout this
19  hearing there is something that you don't understand
20  for some reason or you want me to explain, you want
21  me to rephrase, you want me to clarify, please say
22  so.  You may confer with your lawyer at any time
23  throughout this hearing as many times as you want.
24  You may confer with him privately without the rest of
25  us listening, but it is crucial that you understand

Change of Plea Hearing - [15] José Angel Velázquez-Seda

1    everything I ask you and everything I explain to you.

2    Is this clear?

3                THE DEFENDANT:  Yes.

4                THE COURT:  Okay.  We're going to start by

5    having an exchange in which I'm going to ask you some

6    general questions to make sure that you are well this

7    morning because if you're sick, if you're ill, if

8    you're in pain, anything that may impair your ability

9    to understand, I can't hold the hearing.  Okay?  I

10   need to make sure that you're well.  That's why I

11   will be asking you these questions.

12               THE DEFENDANT:  Yes, okay.

13               THE COURT:  Tell me your full name and your

14   age and how far you went in school.

15               THE DEFENDANT:  José Angel Velázquez-Seda.

16   Forty-seven years old.  Ninth grade.

17               THE COURT:  Okay.  And have you been under

18   the care of a doctor recently?

19               THE DEFENDANT:  No.

20               THE COURT:  Have you ever been treated or

21   hospitalized for drug addiction or mental health

22   issues?

23               THE DEFENDANT:  For addiction.

24               THE COURT:  Okay.  And did you receive help

25   for addiction problems?

5

Change of Plea Hearing - [15] José Angel Velázquez-Seda

1           THE DEFENDANT:  Yes.

2           THE COURT:  And how long ago was that?

3           THE DEFENDANT:  It's been several years

4    since.

5           THE COURT:  And was it inpatient or

6    outpatient?

7           THE DEFENDANT:  Volunteer.  External.

8           THE COURT:  Okay.  Did you complete the

9    program?

10           THE DEFENDANT:  Yes.

11           THE COURT:  And at the present time are you

12    taking any kind of medications for anything?

13           THE DEFENDANT:  No.

14           THE COURT:  And in the past 24 hours, have

15    you taken anything?  Any cold medications?  Any

16    drugs?  Any alcoholic beverages?  Anything that may

17    impair your judgment?

18           THE DEFENDANT:  No.

19           THE COURT:  Do you have a copy of the

20    indictment, the accusation in this case?

21           THE DEFENDANT:  Yes.

22           THE COURT:  And have you discussed the

23    charges with your attorney?

24           THE DEFENDANT:  Yes.

25           THE COURT:  And do you clearly and fully

53

Change of Plea Hearing - [15] José Angel Velázquez-Seda

1    understand what you're accused of in this case?

2         THE DEFENDANT:  That is correct.

3         THE COURT:  Are you happy with the work that

4    your lawyer, Mr. Tomassini, has done defending you in

5    the case?

6         THE DEFENDANT:  Yes.

7         THE COURT:  Any concerns regarding your

8    client's competence?

9         MR. TOMASSINI-SEGARRA:  No, Your Honor.

10        THE COURT:  Any concerns, Mr. Russell?

11        MR. RUSSELL:  No concerns, Your Honor.

12        THE COURT:  Okay, I don't have any concerns

13   either.  Mr. Velázquez seems fine, lucid, oriented.

14   He's calm.  He understands the nature of the charges,

15   the purpose of the hearing.  I don't have any reason

16   to doubt his competence.  And we're having a

17   meaningful exchange suggesting that he's

18   understanding everything that's happening; therefore,

19   I'm declaring him competent and I'm moving forward

20   with the actual substance of the hearing.

21        Okay.  Now we go into the substance.  This

22   is a plea and forfeiture agreement, what I have

23   before me, and this document is comprised of four

24   parts:  The agreement, the supplement, the statement

25   of facts, one page called acknowledgement page.

Change of Plea Hearing - [15] José Angel Velázquez-Seda

1    Together the four parts comprise the plea agreement.

2    Did you discuss every part of this agreement with

3    your attorney?

4            THE DEFENDANT:  Yes.

5            THE COURT:  Does it contain everything that

6    you have agreed with the government?

7            THE DEFENDANT:  Yes.

8            THE COURT:  Has anyone offered you anything

9    on the side, informally, other than what is formally

10   memorialized in this document?

11           THE DEFENDANT:  No.

12           THE COURT:  Your agreement, as I said, has

13   four parts and in the four parts there's some

14   initials in the left margin.  I want you to identify,

15   if you can, whose initials these are.

16           THE DEFENDANT:  Yes.

17           THE COURT:  Can you flip the pages and tell

18   me if those are your initials throughout the

19   document.

20           THE DEFENDANT:  Yes.  Yes.

21           THE COURT:  And who else's initials appear

22   there?

23           THE DEFENDANT:  The others I don't know, but

24   at least these are my own and counsel's.

25           THE COURT:  Okay.  In addition to yours and

Change of Plea Hearing - [15] José Angel Velázquez-Seda

1   your attorney's initials, are there other initials

2   there?

3           THE DEFENDANT:  Yes, the district attorney.

4           THE COURT:  Okay.  Now I want you to flip

5   the pages and check in four places; there is a

6   signature line that has your name.  I want to know if

7   the signature above that line is indeed your

8   signature.

9           THE DEFENDANT:  Yes.

10          THE COURT:  And by putting your initials and

11  signing do you mean to tell me that you do understand

12  and you do agree with everything contained in this

13  document?

14          THE DEFENDANT:  That is correct.

15          THE COURT:  Okay, I need it back.  Thank

16  you.

17          All right, so this is basically like a

18  contract that you've entered into with the government

19  to make a recommendation to me on what is the

20  appropriate sentence to be imposed.  And that type of

21  agreement, that is ruled, that is controlled, by Rule

22  11(c)(1)(A) and (B) of the Federal Rules of Criminal

23  Procedure.  And that rule says exactly that:  You've

24  made an agreement with the government to make a

25  recommendation to me; however, the rule also says

Change of Plea Hearing - [15] José Angel Velázquez-Seda

1    that if for some reason I reject the recommendation,

2    if for some reason I decide that I'm not going to

3    follow this recommendation, you will not be allowed

4    to follow the plea, you will be bound by the plea.

5    Do you understand?

6              THE DEFENDANT:  Yes.

7              THE COURT:  What is the recommendation,

8    Mr. Russell?

9              THE DEFENDANT:  Thank you, Your Honor.  So

10   the defendant will plead guilty to Count 1.  At

11   sentencing, the defendant can request as low as

12   60 months of incarceration and the government can

13   request as much as 72 months of incarceration.  The

14   government at sentencing will also move to dismiss

15   any remaining counts of the indictment as to this

16   defendant.  In addition --

17             THE COURT:  So basically the defendant is at

18   liberty to request the statutory minimum.

19             MR. RUSSELL:  That's right.

20             THE COURT:  Is this what you agreed with the

21   government, Mr. Velázquez?

22             THE DEFENDANT:  That is correct.

23             THE COURT:  Has anyone threatened you?  Is

24   anyone forcing you to have you plead?

25             THE DEFENDANT:  No.

10

Change of Plea Hearing - [15] José Angel Velázquez-Seda

1    THE COURT:  Has anyone offered you anything

2    of value in exchange for your plea?

3    THE DEFENDANT:  No.

4    THE COURT:  Do you intend to plead guilty

5    out of your own free will because you are in fact

6    guilty of the charge contained in Count 1 of the

7    indictment?

8    THE DEFENDANT:  That is correct.

9    THE COURT:  This violation of law as charged

10   carries a term of imprisonment of not less than ten

11   years and up to two terms of life imprisonment, fines

12   that may not exceed $20 million, and a term of

13   supervised release of at least ten [10 years.

14   However, as part of your agreement with the

15   government you are to be held accountable or

16   responsibile for at least two kilos but less than 3.5

17   kilos of cocaine.  For that amount of narcotics that

18   has been stipulated, the term of imprisonment is not

19   less than five instead of ten, okay, and up to 80

20   instead of two terms of life.  The fines may not

21   exceed $10 million instead of 20.  And the term of

22   supervised release is of eight years instead of ten.

23   Mr. Velázquez, are you clear on the

24   difference between the minimum and maximum penalties

25   provided by law for the offense as charged and the

Change of Plea Hearing - [15] José Angel Velázquez-Seda

1    minimum and maximum penalties provided by law for the

2    offense with the narcotics stipulated in your

3    agreement?

4              THE DEFENDANT:  Yes.

5              THE COURT:  Do you understand that

6    supervised release is time after time in jail?

7    You're done serving time, you're out in the free

8    community, but if you violate any condition you may

9    be revoked and be sent back to jail up to the full

10   term of supervised release originally imposed.  Is

11   that clear?

12             THE DEFENDANT:  Yes.

13             THE COURT:  There is also a special monetary

14   assessment in the amount of $100.  It's not a fine,

15   it's a special monetary assessment.  It has to be

16   assessed, it is required by law, and the money goes

17   to a special victims fund.  Is that clear?

18             THE DEFENDANT:  Yes.

19             THE COURT:  Mr. Tomassini, is your client

20   facing other charges?  Pending revocations?  Pending

21   sentences to be served?

22             MR. TOMASSINI-SEGARRA:  No, Your Honor.

23             THE COURT:  Nothing of the sort?

24             MR. TOMASSINI-SEGARRA:  No.

25             THE COURT:  Okay.  So the reason why I ask,

12

Change of Plea Hearing - [15] José Angel Velázquez-Seda

1    Mr. Velázquez is to make sure that I give you all the

2    warnings; we don't want surprises.  If you had

3    something pending, I would have to warn you of

4    possible consequences or impacts, but your lawyer

5    tells me that there's nothing pending, so good.

6              Now, are you a U.S. citizen?

7              THE DEFENDANT:  Yes.

8              THE COURT:  I must advise you that once

9    adjudged guilty of a felony U.S. citizens are

10   deprived of some rights like your right to vote in a

11   federal election, your right to serve on a jury, your

12   right to possess a firearm, and your right to hold

13   public office.  Are you aware of those consequences?

14             THE DEFENDANT:  That's correct.

15             THE COURT:  So we already covered the

16   minimum and maximum penalties as the case was charged

17   in Count 1 and also with the stipulated amount of

18   narcotics in your agreement.  Now I'm going to

19   discuss with you the sentencing guidelines.  Okay?

20             The sentencing guidelines are advisory in

21   nature.  They're nonbinding on the Court; however,

22   they do provide for a range of time to be the

23   appropriate sentence, to be the just sentence.  And

24   that is contained in your plea agreement at page 4 in

25   a rectangle box.  I need to make sure that you

Change of Plea Hearing - [15] José Angel Velázquez-Seda

1   understand those guideline calculations.  Can you

2   please look at your copy and tell me if you

3   understand how these guidelines apply to you.

4           THE DEFENDANT:  Yes, I understood.

5           THE COURT:  Okay, I can impose a sentence

6   that could be more severe or less severe because the

7   government will be arguing for 72 months, you will be

8   arguing for 60 months.  The ranges here start at

9   57 months, as calculated; however, you must

10  understand that, again, I'm not bound and I can't go

11  below 60 months regardless of the guidelines because

12  that is the statutory minimum.  Do you understand

13  that?

14          THE DEFENDANT:  Yes.

15          THE COURT:  Any questions so far?

16          THE DEFENDANT:  No, it's all fine.

17          THE COURT:  Okay.  So in addition to the

18  statutory minimums and maximums and the guidelines,

19  in addition to that there's something that I need to

20  consider and that is the sentencing factors.  Okay?

21  Everything is taken into account at sentencing.

22          And the sentencing factors are as follows:

23  The seriousness of the offense.  The need for

24  deterrence of criminal conduct.  The need to protect

25  the public from further crimes.  The need to provide

Change of Plea Hearing - [15] José Angel Velázquez-Seda

1   you, as the defendant in the case, with educational,

2   vocational, medical training or medical care.  The

3   need to provide restitution in cases where specific

4   victims are identified, and I can also take into

5   account any special characteristics, anything

6   particular, anything out of the ordinary that should

7   merit to be considered.  Do you understand the

8   factors?

9           THE DEFENDANT:  Yes.

10          THE COURT:  Parole has been abolished in the

11  federal system.  If I sentence you to prison, you

12  will not be released on parole.  Is that clear?

13          THE DEFENDANT:  Yes.

14          THE COURT:  Under certain circumstances you

15  or the government may have the right to appeal the

16  sentence the Court imposes.  However, your plea

17  agreement contains a waiver of appeal.  If I sentence

18  you to 72 months or less, you waive your right to

19  appeal.  If for some reason I go over, you don't

20  waive your right to appeal.  Is that clear?

21          THE DEFENDANT:  Yes.

22          THE COURT:  You have constitutional rights

23  that you will waive if you go ahead this morning and

24  plead guilty.  I'm going to go over those rights and

25  then you tell me if you have questions or if you wish

Change of Plea Hearing - [15] José Angel Velázquez-Seda

1    to talk to your lawyer.  You have the right to

2    persist in your plea of not guilty.  If you persist

3    in your plea of not guilty, then you go on to

4    exercise your right to go to trial.  And it would be

5    a speedy, public trial by jury before a district

6    judge.  It could be without a jury if both the

7    prosecutor and the judge agree.

8            At trial, and throughout all the

9    proceedings, you are presumed innocent because it's

10   the government that has to prove your guilt beyond a

11   reasonable doubt.  During trial you get to see and

12   hear all the witnesses for the government and if

13   you -- and your lawyer may cross-examine those

14   witnesses in your defense.  If you cannot afford a

15   lawyer, one is assigned to represent you throughout

16   all stages of the proceedings.

17           During trial you make the decision whether

18   you want to testify or not; and if you choose not to

19   do so, it cannot be used against you because it's

20   part of your right not to incriminate yourself.  Also

21   at trial you can use the power of the Court, it's

22   called the subpoena power of the Court, to compel the

23   attendance of witnesses or for the production of any

24   evidence that you can use to defend yourself from the

25   charges.  And finally you have the right to have a

Change of Plea Hearing - [15] José Angel Velázquez-Seda

1   jury return a unanimous verdict before you're found

2   guilty or not guilty.

3          Any questions regarding your constitutional

4   rights?

5          THE DEFENDANT:  No.

6          THE COURT:  Do you need to talk to your

7   lawyer?

8          THE DEFENDANT:  No, it's fine.  No, we're

9   good.

10         THE COURT:  Okay.  Let's say that you tell

11  me that if you wish to exercise your right to go to

12  trial.  As I said before, the government would need

13  to prove beyond a reasonable doubt each of the

14  elements of the offense charged and then support

15  those elements with evidence.

16         So as to Count 1, the government would need

17  to show that beginning on a date unknown but not

18  later than the year -- at some point during 2019 and

19  until the grand jury returned the accusation or

20  indictment in this case, there was a conspiracy.

21  That's the first thing that the government would need

22  to prove.  And a conspiracy is an agreement between

23  two or more persons to do something unlawful.

24         Then the government would need to show that

25  you somehow in some way participated in this

Change of Plea Hearing - [15] José Angel Velázquez-Seda

1   conspiracy or agreement and your participation, the

2   government must show, was knowing and was

3   intentional.  So whatever you did you did knowing

4   what you were doing and wanting to do it; it was not

5   some sort of accident that you were found in the

6   middle of this group of people agreeing to do this.

7           Then the government would need to show that

8   the purpose of this agreement was to possess with

9   intent to distribute narcotics.  Possession is the

10  exercise of control over something.  Maybe you don't

11  have it with you or on you but you can be in

12  possession even if it's not with you or on you if you

13  can control that object.  Okay?  And the intent to

14  distribute is to transfer that possession onto

15  someone else.  And of course the something we're

16  talking about that was possessed with intent to

17  distribute the government would need to prove that it

18  was controlled substances.

19          Do you understand the elements of the

20  offense charged in Count 1?

21          THE DEFENDANT:  Yes, that is correct.

22          THE COURT:  Factual basis, Mr. Russell.

23          MR. RUSSELL:  Your Honor.  The defendant,

24  José Angel Velázquez-Seda, admits that he is guilty

25  as charged in the indictment and admits the

Change of Plea Hearing - [15] José Angel Velázquez-Seda

1  following:  From a date unknown during the year 2019

2  and continuing up to and until the return of the

3  indictment, in the municipality of Yauco, in Puerto

4  Rico, José Angel Velázquez-Seda and others members of

5  the drug trafficking organization did knowingly and

6  intentionally combine, conspire, and agree with each

7  other and with diverse other persons known and

8  unknown, to commit an offense against the United

9  States; that is, to knowingly and intentionally

10 distribute controlled substances specifically more

11 than 280 grams of crack, more than one kilogram of

12 heroin, more than five kilograms of cocaine, less

13 than 50 kilograms of a mixture or substance

14 containing a detectable amount of marijuana.

15       And this was done within 1,000 feet of the

16 Santa Catalina housing project which is a housing

17 facility owned by a Public Housing Authority and

18 within other areas nearby the municipality of Yauco,

19 Puerto Rico.  The object of the conspiracy was the

20 large-scale distribution of controlled substances at

21 the Santa Catalina Public Housing Project and other

22 areas in the Municipality of Yauco all for

23 significant financial gain and profit.

24       José Angel Velázquez-Seda acted as a seller

25 for the drug trafficking organization.  As a seller,

Change of Plea Hearing - [15] José Angel Velázquez-Seda

1    he would distribute street quantity amounts of

2    heroin, crack, cocaine, and marijuana, and was

3    accountable for the drug proceeds and the narcotics

4    sold at the drug distribution points.  While multiple

5    kilograms of heroin, cocaine, crack, and marijuana

6    were distributed during the conspiracy, for the sole

7    purpose of this plea agreement the defendant

8    acknowledges that during the span of the conspiracy

9    he possessed with intent to distribute at least 2 but

10   less than 3.5 kilograms of cocaine.

11          Had this matter proceeded to trial, the

12   United States would have presented evidence through

13   the testimony of witnesses, as well as physical and

14   documentary evidence which would have proven beyond a

15   reasonable doubt that the defendant, José Angel

16   Velázquez-Seda, is guilty as charged in Count 1 of

17   the indictment.  Discovery was timely made available

18   to the defense for their review.  Thank you.

19          THE COURT:  Mr. Tomassini, did you receive

20   this discovery?

21          MR. TOMASSINI-SEGARRA:  Yes, Your Honor, we

22   did and we discussed it with Mr. Velázquez.

23          THE COURT:  You discuss it with your client?

24          MR. TOMASSINI-SEGARRA:  Yes, Your Honor.

25          THE COURT:  Mr. Velázquez, are those facts

20

Change of Plea Hearing - [15] José Angel Velázquez-Seda

1    as recounted by the prosecutor true and accurate?

2              THE DEFENDANT:  Yes.

3              THE COURT:  How do you plead to Count 1?

4              THE DEFENDANT:  Guilty.

5              THE COURT:  I find Mr. Velázquez competent

6    and capable of entering into this plea.  I find the

7    plea to be knowing and voluntary and there is a

8    factual basis supporting each of the elements of the

9    offense charged; therefore, a plea, of guilty is

10   entered in Criminal No. 22-409 United States of

11   America versus José Angel Velázquez-Seda.

12             There will be a written presentence report.

13   You will be interviewed for the preparation of that

14   report which is a very important document that I use

15   for sentencing.  I am advising you that you have the

16   right to be assisted by your attorney while you are

17   interviewed.  Mr. Tomassini will set up the

18   appointment with probation and the sentence has been

19   set for December 13th at 10:00 a.m.  December 13,

20   10:00 a.m.  the plea agreement supplement is filed

21   under seal.  No copies leave this courtroom as with

22   every other supplement in this courtroom.

23             Anything else?

24             MR. TOMASSINI-SEGARRA:  Nothing else for the

25   defense.  Thank you, Your Honor.

21

Change of Plea Hearing - [15] José Angel Velázquez-Seda

1          THE COURT:   Thank you.

2          (Change of plea hearing concluded at

3     11:15 a.m.)

4                         ---

69

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

UNITED STATES OF AMERICA,
Plaintiff,

v.

CRIMINAL. NO.   22-409 (SCC)

JOSE ANGEL VELAZQUEZ-SEDA [15]
Defendant.

<u>SENTENCING MEMORANDUM</u>

TO THE HONORABLE SILVIA L. CARRENO-COLL
UNITED STATES DISTIRCT JUDGE
FOR THE DISTRICT OF PUERTO RICO

NOW COMES defendant Jose Angel Velazquez-Seda through the undersigned attorney and respectfully states and pray:

**Introduction**

Jose Angel Velazquez-Seda is scheduled to appear before this Court for sentencing on February 9, 2024. On September 12, 2023, Mr. Velazquez entered a *Plea Agreement* (D.E. 377) where he pleaded guilty to Count One of the indictment, conspiracy to possess with intent to distribute a controlled substance in violation of 21 United States Code § 841(a)(1), and 846. Nonetheless, and pursuant to the *Plea Agreement*, Mr. Velazquez plead guilty to the lesser included drug weight in Count One of the Indictment, that is, a drug weight of at least 2 kilograms but less than 3.5 kilograms of a mixture or substance containing a detectable amount of cocaine, a Schedule II Control Substance. All in violation of 21 U.S.C. § 841(a)(1) &(b)(1)(B)(ii) and 846.

Further, pursuant to the *Plea Agreement*, the defense may argue for a sentence of 60 months of imprisonment and the government reserve the right to argue a sentence of up to 72 months, regardless of criminal history category.

**Jose Angel Velazquez-Seda**

Mr. Velazquez was born on July 28, 1976, in Ponce, PR. He is 47 years old and father of four children. As described in the Presentence Investigation Report, by entering into the plea agreement in this case, he accepted his responsibility in the admitted offense. He is a lifelong resident of Yauco, PR.

He was reared in a healthy family environment, despite his biological father left home when he was one year old. Jesus Rodriguez, his stepfather, stepped in and took him under his wing. His stepfather has always been attentive and supportive. He had good childhood where all his basic needs were met. There was no abuse, violence, domestic violence, drug, or alcohol use in the household. Sadly, a combination of poor judgement, and poor decision making on his behalf led him to this juncture. His mother is a housewife living in Ponce, PR. He had one sibling who died in 2011 from a heart attack. Mr. Velazquez was affected emotionally with her passing, since they were very close. He has a maternal sibling; he shares a good relationship with his mother and sibling.

His mother confirmed that his biological father was not involved in is upbringing. Also, the defendant's mother stated that his stepfather fulfilled the role of the defendant's father since he was two years old. He was described by his mother as friendly and helpful. She does not support his criminal behavior. His arrest and imprisonment were a devastating blow for his family.

Mr. Velazquez suffers from asthma and is allergic to penicillin G Benzathine and Aspirin.

Mr. Velazquez was arrested in September 2022, while incarceration conditions have been hard on him, he is hopeful about the future. He dropped out of school and wants to complete his high school degree. He wants to benefit from vocational training while incarcerated and aspires to be a lawful citizen. He requests that this Court recommend the Federal Bureau of Prison to provide him with vocational training. He hopes that with this vocational training, go back to Yauco, PR with these skills work hard as a law-abiding citizen and to become a better person, son, and father to make sure his children do not repeat his mistakes and don't end up in jail.

Mr. Velazquez feels grateful for the support of his family. He has learned a lot from this lesson, and this is an opportunity to become a better person, in all aspects, a success story of rehabilitation with the help his family.

He acknowledged his participation in the instant offense, and he took a lot of bad and wrong decisions in his life. Poor judgement took him here. He wants to leave behind his past life of poor decision making and be a well-behaved and lawful citizen.

As per the Presentence Investigation Report, there is no information indicating Mr. Velazquez impeded or obstructed justice.

We respectfully request a term of 60 months of imprisonment regardless of criminal history category for Mr. Velazquez.

**Conclusion**

The sentencing guidelines are advisory and after U.S. v. Booker, 543 U.S. 245 (2005), district courts are not bound by the sentencing guidelines. However, the

courts are required to consider the guidelines together with the factors outlined in Title 18 U.S.C. §3553 (a). See <u>Rita v. United States</u>, 127 S.Ct. 2456 (2007); <u>Gall v. United States</u>, 128 S. Ct. 586 (2007). In sentencing an individual "the court should consider every convicted person as an individual and every case as a unique study in the human failings that sometimes mitigate, sometimes magnify the crime and punishment to ensue." <u>Gall v. United States</u>, supra. The sentencing courts should comply with the statutory directive that sentences should "be sufficient, but not greater than necessary" to effectuate the ends of justice.

Therefore, when these factors are considered the statutory goals of sentencing are achieved. 18 U.S.C. §3553 (a); <u>United States v. Scherrer</u>, 444 F.3d. 91 (1 Cir. 2006) (en banc).

District judges do have power to use their discretion in determining appropriate sentences. *U.S. v. Booker*, 543 U.S. 245 (2005). It is settled that the federal sentencing guidelines are advisory, not mandatory. *Id*. *Gall v U.S.*, 522 U.S. 38 (2007); *U.S. v. Martin*, 520 F.3d 87, 91 (1st Cir. 2008). District courts do enjoy wide latitude in making individualized sentencing determinations. *Gall*, 552 U.S. at 46. The sentencing court should consider the parties' arguments as to the proper sentence in the particular case, "weighing the applicability of the sundry factors delineated in 18 U.S.C. § 3553(a), reaching an ultimate sentencing determination, and explicating that decision on the record." *Martin*, 520 F.3d at 91; citing *Gall*, 552 U.S. at 50. "Although the sentencing judge is obliged to consider all of the sentencing factors outlined in section 3553(a), the judge is not prohibited from including in that consideration the judge's own sense of what is a fair and just sentence under all the

circumstances. That is the historic role of sentencing judges, and it may continue to be exercised, subject to the reviewing court's ultimate authority to reject any sentence that exceeds the bounds of reasonableness". *U.S. v. Jones*, 460 F.3d 191 (2d Cir. 2006).

WHEREFORE, it is respectfully requested that Mr. Velazquez be sentenced to a term "sufficient but not greater than necessary"- a term sentence of imprisonment of 60 months, regardless of criminal history category and prays that the Court have as much leniency as possible when sentencing him.

RESPECTFULLY SUBMITTED

I HEREBY CERTIFY that on this day I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the parties of record.

In San Juan, Puerto Rico, this 5th day of February 2023.

*s/Luis E. Tomassini-Segarra*
Luis E. Tomassini-Segarra
USDC-PR 307211
Banco Coop Plaza 1204-B
Ave. Ponce de León #623
San Juan, P.R. 00917
Tel./Fax: 787-763-0624
Email: tomassinilaw@outlook.com

1

```
 1                  IN THE UNITED STATES DISTRICT COURT
                       FOR THE DISTRICT OF PUERTO RICO
 2

 3      :_____:

 4      THE UNITED STATES OF AMERICA,    :
                          Plaintiff,     :
 5                                       :
                       vs.               :  Case No: 22-CR-409 SCC
 6                                       :
        [15] JOSÉ ANGEL VELÁZQUEZ-SEDA,  :
 7      a/k/a Tito Chuleta,              :
                          Defendant.     :
 8      :_____:

 9                    TRANSCRIPT OF SENTENCING HEARING
            HELD BEFORE THE HONORABLE JUDGE SILVIA L. CARREÑO-COLL
10      CLEMENTE RUIZ-NAZARIO U.S. COURTHOUSE, SAN JUAN, PUERTO RICO
                   FRIDAY, FEBRUARY 9, 2024, BEGINNING AT 9:34 A.M.
11      :_____:

12

13      A P P E A R A N C E S:

14      For the United States of America:

15            Assistant U.S. Attorney Damaré E.R. Theriot

16

17      For the Defendant:

18            Attorney Luis E. Tomassini-Segarra

19

20      ALSO PRESENT:

21            Marian Ramírez-Rivera, Courtroom Deputy Clerk

22            Carlos Ravelo, Court Interpreter

23            Carmen Villeta, U.S. Probation Officer

24

25
```

EVILYS E. CARRIÓN-ESQUILÍN, RPR
COURT REPORTER FOR THE U.S. DISTRICT COURT OF PUERTO RICO
(787)772-3377

2

Sentencing Hearing - [15] José Angel Velázquez-Seda

1      THE COURT:  Please call the case.

2      THE COURTROOM DEPUTY:  Criminal case 22-409.

3  USA versus José Angel Velázquez-Seda for sentencing

4  hearing.  On behalf of the USA is AUSA Damaré

5  Theriot, and on behalf of the defendant is Attorney

6  Luis Tomassini.  The defendant is present in the

7  courtroom, under custody, and is being assisted by a

8  certified court interpreter.

9      MR. TOMASSINI-SEGARRA:  Good morning, Your

10  Honor.  Luis Tomassini ready to proceed.

11      THE COURT:  Very well.  Mr. Velázquez, good

12  morning.

13      THE DEFENDANT:  Good morning.

14      THE COURT:  Can you hear well the

15  interpreter?

16      THE DEFENDANT:  Yes.

17      THE COURT:  Okay.  Mr. Tomassini, I am

18  noting your sentencing memorandum.  And I understand

19  that you have some objections to the PSR, correct?

20      MR. TOMASSINI-SEGARRA:  No, we didn't, no.

21      THE COURT:  You don't have objections to the

22  PSR.  Let me go to the docket.  Okay, your sentencing

23  memorandum at Docket 535.

24      MR. TOMASSINI-SEGARRA:  Yes.

25      THE COURT:  And the addendum to the PSR at

Sentencing Hearing - [15] José Angel Velázquez-Seda

1    the Docket 491 in which the probation officer

2    certifies that the notice of disclosure of the PSR

3    was provided and that neither party has notified

4    objections to the PSR.  Very well.

5          Ms. Theriot, that's also the government's

6    position, that there are no objections to the PSR?

7          MS. THERIOT:  Yes, Your Honor.

8          THE COURT:  Okay.  So the PSR contains

9    guideline calculations that are different from the

10   plea agreement in the sense that in the plea

11   agreement the parties did not contemplate the two

12   additional points for foreseeability of firearms and

13   also the criminal history which turned out to be a

14   Criminal History Category of V.  So what is your

15   position?

16         MR. TOMASSINI-SEGARRA:  Yes, Your Honor.  We

17   stand by our sentencing memorandum and also we

18   request the 60 months sentence for

19   Mr. Velázquez-Seda, and regardless of his criminal

20   history, that was the agreement with the government.

21         We also would like to highlight

22   Mr. Velázquez's health issues.  Recently he suffered

23   from a heart attack.  He was -- had to be transferred

24   to Centro Médico in Río Piedras, spent three days --

25   two days, I'm sorry, right there, Your Honor.  So he

Sentencing Hearing - [15] José Angel Velázquez-Seda

1    has been suffering from this heart condition.

2            Also -- we would like to acknowledge also

3    that his family is right here with us in the

4    courtroom.  His wife has been his support system

5    through the whole process and will be after his

6    release from prison.  He also will be -- a former

7    employer also has a space for him once he comes out

8    of prison for a job for Mr. Velázquez.

9            Although we know that he has some extensive

10   criminal history, Mr. Velázquez is very repentant and

11   he has learned his lesson.  He's mature enough.

12   Although he's 47 years old, but at this time he

13   clearly wants to leave his past life and have some

14   time, his time left, with his family and his

15   children.  And please, Your Honor, keep in

16   consideration his health issues.  So we request that

17   this Court sentence Mr. Velázquez to 60 months'

18   imprisonment, Your Honor.

19           THE COURT:  Ms. Theriot.

20           MS. THERIOT:  Your Honor, it's the position

21   of the government, in accordance with the plea

22   agreement, that 72 months is the appropriate

23   sentence.  I base that on the significant criminal

24   history which includes multiple acts of domestic

25   violence and a previous 841 conviction in 2012.

Sentencing Hearing - [15] José Angel Velázquez-Seda

1          THE COURT:  And it's still a variant

2    sentence from the applicable guideline which is from

3    120 to 150 months.

4          MS. THERIOT:  I agree, Your Honor.  I'm

5    bound by the plea agreement so --

6          THE COURT:  I'm aware.  I am aware.

7          MS. THERIOT:  But the Court has discretion

8    obviously to do what the Court thinks is the correct

9    sentence in this case.  And it is a significant

10   criminal history with a Category V.

11         THE COURT:  All right.  Okay.

12         Anything else, Mr. Tomassini?

13         MR. TOMASSINI-SEGARRA:  Nothing further,

14   Your Honor, from us.

15         THE COURT:  Okay.  Mr. Velázquez, you have

16   the right to allocution which means that you can

17   address the Court at this time if you want to do so

18   or address your family.

19         THE DEFENDANT:  First of all, Your Honor, I

20   would like to give you thanks to allow myself to

21   express myself and also address my family.  I'm going

22   to continue moving forward and do things properly.  I

23   was in the free community right now and I have a new

24   family and they count on me.  I'm their support.  I

25   support the home.  And that would be all.  And thank

```
                Sentencing Hearing - [15] José Angel Velázquez-Seda
 1    you.

 2              THE COURT:  All right.  Thank you for your

 3    words.

 4              On September 12, 2023, Mr. José Angel

 5    Velázquez-Seda pled guilty to Count 1 of the

 6    indictment in Criminal No. 22-409 which charges a

 7    violation of Title 21, U.S. Code,

 8    Section 841(b)(1)(B), 846, and 860 which is a

 9    conspiracy to possess with the intent to distribute

10    controlled substances within a protected location.

11              The November 1, 2023 edition of the U.S.

12    Sentencing Guidelines has been used to apply the

13    advisory guideline adjustments, pursuant to the

14    provisions of Guideline Section 1B1.11(a).  The

15    guideline for this violation is found at 2D1.1.  And

16    the base offense level for a conspiracy to possess

17    with intent to distribute at least 2 but -- at least

18    2 but less than 3.5 kilograms of cocaine, and that is

19    the stipulated amount of narcotics in the plea

20    agreement, is 26, pursuant to U.S. Sentencing

21    Guideline Sections 2D1.1(a)(5) and 2D1.1(c)(7).

22              Two levels are added as the offense occurred

23    within a protected location, pursuant to 2D1.2(a)(1).

24    The adjusted base offense level is 28.  Because

25    firearms were foreseeable as part of the offense by
```

Sentencing Hearing - [15] José Angel Velázquez-Seda

1   members of the conspiracy, a two-level increase is

2   warranted as contemplated in the presentence report,

3   and that is under §2D1.1(b)(1).  Since the defendant

4   has demonstrated acceptance of responsibility for his

5   participation in the offense, the offense level is

6   reduced by three levels, pursuant to Section 3E1.1(a)

7   and (b).  There are no other applicable guideline

8   adjustments.

9          Based on a total offense level of 27 and a

10  Criminal History Category of V, the guideline

11  imprisonment range for this offense is from 120 to

12  150 months with a fine range of 25,000 to $10 million

13  plus a supervised release term of eight [8] years.

14         The Court has reviewed the advisory

15  guideline calculations and finds that the presentence

16  investigation report has adequately applied the

17  guideline computations which satisfactorily reflect

18  the components of this offense by considering its

19  nature and circumstances.  Furthermore, the Court has

20  considered all of the sentencing factors as set forth

21  in 18 United States Code, Section 3553(a).

22         Mr. Velázquez is a 47-year-old U.S. Citizen,

23  resident of Yauco, Puerto Rico with one dependent.

24  He has a substance abuse history specifically the use

25  and abuse of marijuana, cocaine, heroin, Xanax

8

Sentencing Hearing - [15] José Angel Velázquez-Seda

1   without prescription, and Percocet without

2   prescription.  This is defendant's 17th arrest and

3   13th conviction, his second federal conviction.  That

4   yields a Criminal History Category of V.

5   Mr. Velázquez acted as a seller for the drug

6   trafficking organization.

7       Lastly, the Court has considered, as I said

8   before, the plea agreement between -- well, the

9   factors, as I said before.  I've also considered the

10  plea agreement between the parties.  The parties

11  agreed for the government to recommend 72 months and

12  for the defendant to argue for a 60-month sentence.

13  When the parties entered into this agreement the

14  parties did not contemplate the two points for

15  foreseeability of firearms and they entered into this

16  agreement without considering the criminal history

17  which is substantial in the way of 13 convictions.

18      The Court has also taken into account

19  Mr. Velázquez's health condition, the fact that the

20  parties agreed that this was the appropriate

21  recommendation to be made to the Court, and all of

22  the other sentencing factors including the need to

23  promote respect for the law, protect the public from

24  further crimes, address the issues of deterrence and

25  punishment, and the Court deems that a variant

82

Sentencing Hearing - [15] José Angel Velázquez-Seda

1    sentence of 96 months is the just and appropriate

2    sentence.

3            It still is substantially below the

4    guideline range minimum of 120 months and it

5    considers the decision of the government to enter

6    into this agreement; however, it considers all of the

7    other factors.  And the Court finds that 96 months is

8    just and not greater than necessary.  Upon release

9    from confinement the defendant shall be placed on

10   supervised release for a term of eight [8] years

11   under the following terms and conditions:

12           The defendant shall not commit another

13   federal, state, or local crime and shall observe the

14   standard conditions of supervised release recommended

15   by the U.S. Sentencing Commission and adopted by this

16   Court.

17           The defendant shall not unlawfully possess

18   controlled substances.

19           The defendant shall refrain from possessing

20   firearms, destructive devices, and other dangerous

21   weapons.

22           The defendant shall participate in

23   transitional and re-entry support services including

24   cognitive behavioral treatment services under the

25   guidance and supervision of the probation officer.

Sentencing Hearing - [15] José Angel Velázquez-Seda

1          The defendant shall remain in the services

2    until satisfactorily discharged by the service

3    provider with the approval of the probation officer.

4          The defendant shall provide the U.S.

5    probation officer access to any financial information

6    upon request.

7          The defendant shall participate in an

8    approved substance abuse monitoring and/or treatment

9    services program.

10          The defendant shall refrain from the

11    unlawful use of controlled substances and submit to a

12    drug test within 15 days of release; thereafter,

13    submit to random drug testing not less than three

14    samples during the supervision period and not to

15    exceed 104 samples per year in accordance with the

16    Drug Aftercare Program Policy of the U.S. Probation

17    Office and approved by this Court.

18          If deemed necessary, the treatment will be

19    arranged by the officer in consultation with the

20    treatment provider.  The defendant is required to

21    contribute to the cost of services rendered in the

22    form of co-payment in an amount arranged by the

23    probation officer based on his ability to pay or the

24    availability of third-party payment.

25          The defendant shall submit his person,

Sentencing Hearing - [15] José Angel Velázquez-Seda

1   property, house, vehicle, papers, computers, and

2   other electronic communication or data storage

3   devices and media to a search conducted by a U.S.

4   probation officer at a reasonable time and in a

5   reasonable manner based upon reasonable suspicion of

6   contraband or evidence of a violation of a condition

7   of release.  Failure to submit to a search may be

8   grounds for revocation of release.  The defendant

9   shall warn any other occupants that the premises may

10  be subjected to searches pursuant to this condition.

11       The defendant shall cooperate in the

12  collection of a DNA sample as directed by the

13  probation officer pursuant to the Revised DNA

14  Collection Requirements and Title 18 U.S. Code,

15  Section 3563(a)(9).

16       The Court finds that the conditions imposed

17  are reasonably related to the offense of conviction

18  and to the sentencing factors.  Furthermore, the

19  Court finds that the conditions are consistent with

20  the pertinent policy statements issued by the

21  Sentencing Commission pursuant to Title 28, United

22  States Code, Section 994(a) and that there's no

23  greater deprivation of liberty than what is

24  reasonably necessary to fulfill all the sentencing

25  objectives including rehabilitation, positive

Sentencing Hearing - [15] José Angel Velázquez-Seda

1   reintegration to the community, just punishment, and
2   deterrence.
3          Having considered Mr. Velázquez's financial
4   condition a fine is not imposed; however, a special
5   monetary assessment in the amount of $100 is imposed
6   as required by law.
7          The forfeiture provision of the plea
8   agreement at paragraph 23, Docket No. 377, is in full
9   force and effect.
10         Mr. Velázquez, you can appeal your
11  conviction -- you can appeal your sentence and
12  conviction if you believe that this sentence is
13  contrary to law or if there is some other fundamental
14  defect in this proceeding that was not waived by your
15  guilty plea.  Usually you have 14 days after entry of
16  judgment to appeal your sentence.  And if you're
17  unable to pay the cost of an appeal, you may apply
18  for leave to appeal as a poor person, as an indigent
19  person.  And if you so request, the clerk of court
20  will prepare and file a notice of appeal on your
21  behalf.
22         Counts to be dismissed?
23         MS. THERIOT:  Yes, Your Honor.  Motion to
24  dismiss remaining counts.
25         THE COURT:  Remaining counts are hereby

13

Sentencing Hearing - [15] José Angel Velázquez-Seda

1   dismissed in Criminal No. 22-409 as to Mr. José Angel

2   Velázquez-Seda.  Anything further?

3          MR. TOMASSINI-SEGARRA:  Nothing further,

4   Your Honor.

5          MS. THERIOT:  Not from the government, Your

6   Honor.

7          THE COURT:  Okay.  Thank you.

8          Thank you.

9          We're going to take a short break before

10  10:00 a.m.

11         THE COURTROOM DEPUTY:  All rise.

12         (The Court exits the room.)

13         (Sentencing hearing concluded at 9:48 a.m.)

14                         ---

15

16

17

18

19

20

21

22

23

24

25

EVILYS E. CARRIÓN-ESQUILÍN, RPR
OFFICIAL COURT REPORTER FOR THE U.S. DISTRICT COURT OF PUERTO RICO
(787)772-3377

# CERTIFICATE OF SERVICE

I hereby certify that on 21st day of August 2024, this Appendix was electronically filed with the United States Court of Appeals for the First Circuit by using the CM/ECF system. I certify that the following parties or their counsel of record are registered as ECF Filers and that they will be served by the CM/ECF system including:

Mariana E. Bauza Almonte
Richard Vance Eaton
Joseph L. Russell

s/MJ Ciresi