# UNITED STATES COURT OF APPEALS
# FOR THE FIRST CIRCUIT

# APPEAL NO. 24-1224

# UNITED STATES,
Appellee,

**v.**

# JOSE ANGEL VELAZQUEZ-SEDA, a/k/a Tito Chuleta,
Defendant – Appellant.

---

## UNITED STATES' MOTION
## REQUESTING REMAND FOR RESENTENCING

---

**TO THE HONORABLE COURT:**

The United States moves for this Court to remand Defendant-Appellant José Angel Velázquez-Seda's case for resentencing.

1. Appellant Velázquez timely appealed his sentence, alleging the prosecutor breached the plea agreement by failing to fulfill her obligations under the agreement based on her statements at his sentencing hearing.[1]

---

[1] Citations will be as follows: DE (docket entry in Criminal Docket No. 22-409); AA (Appellant's Appendix); SA (Appellant's Sealed Appendix).

2. Velázquez pleaded guilty to conspiracy to possess with intent to distribute controlled substances in violation of 21 U.S.C. §§ 841(a)(1), 846, and 860. (AA 34-48). The plea agreement included a proposed advisory guideline calculation, which both parties agreed applied to Velázquez. (AA 37). The proposed advisory guideline calculation began with a base offense level of 26. (AA 37). Two additional levels were added under U.S.S.G. § 2D1.2(a)(1) for a protected location. (AA 37). After subtracting three levels for acceptance of responsibility, the total offense level was 25. (AA 37). The parties agreed that Velázquez could argue for a 60-month imprisonment term, which coincided with the statutory minimum, and the government up to a 72-month imprisonment term, regardless of the criminal history category.

3. The advisory guideline calculation in the Presentence Report (PSR) did not mirror the plea agreement. Namely, the PSR included an additional two-level enhancement for possession of dangerous weapons, including firearms, under U.S.S.G. § 2D1.1(b)(1). (SA 13). As a result, the PSR calculated the total offense level as 27. (SA 14). The PSR subsequently determined a criminal history category of V, which,

together with a total offense level of 27, yielded a guideline range of 120 to 150 months' imprisonment. (SA 19, 25).

4. At the sentencing hearing, the government provided its recommendation of 72 months, basing it on Velázquez's significant criminal history. (AA 78). When the court observed that the government's recommendation was for a downward variance from the 120-150 month guidelines range, the government agreed, adding that it was "bound by the plea agreement." (AA 79). It then added that "the [c]ourt has discretion obviously to do what the [c]ourt thinks is the correct sentence in this case. And it is a significant criminal history with a Category V." (AA 79). The court then issued a 96-month sentence. (AA 82-83).

5. The United States agrees a remand is appropriate in this case, as the prosecutor breached the plea agreement. Because defendants waive fundamental constitutional rights by entering into a plea agreement with the government, prosecutors are held to "the most meticulous standards of promise and performance." *United States v. Almonte-Nuñez*, 771 F.3d 84, 89 (1st Cir. 2014) (quoting *United States v. Riggs*, 287 F.3d 221, 224 (1st Cir. 2002)). The government cannot satisfy its

3

obligations under the plea agreement by paying mere "lip service" to it. *Id.* In determining whether the government fulfilled its obligations pursuant to a plea agreement, this Court considers the totality of the circumstances. *United States v. Brown*, 31 F.4th 39, 50 (1st Cir. 2022); *United States v. Ubiles-Rosario*, 867 F.3d 277, 290 (1st Cir. 2017).

6. The government submits that, based on this particular set of facts and the procedural posture of the case, the prosecutor's statements at sentencing undermined the government's bargain and ran afoul of the spirit of the plea agreement. Thus, remand for resentencing is appropriate.

7. In addition, based on the foregoing, Velázquez is entitled to a remand before a different judge.[2] *See United States v. Marchena-Silvestre*, 802 F.3d 196, 205 (1st Cir. 2015) (explaining that the remedy for breach of a plea agreement is resentencing before a different judge).

8. This motion is being filed in lieu of the government's brief.

---

[2] The government concedes a remand before a different judge because that is the remedy of this circuit. Notwithstanding, a remand is appropriate due to the actions of the prosecutor, not because the court erred at sentencing.

4

**WHEREFORE**, it is respectfully requested that this Honorable Court of Appeals remand the case to the district court for resentencing.

**RESPECTFULLY SUBMITTED.**

In San Juan, Puerto Rico, this 10th day of December 2024.

        W. Stephen Muldrow
        United States Attorney

        Mariana E. Bauzá-Almonte
        Assistant United States Attorney
        Chief, Appellate Division

        /s/Maarja T. Luhtaru
        Assistant United States Attorney
        United States Attorney's Office
        Torre Chardón, Suite 1201
        350 Carlos Chardón Avenue
        San Juan, Puerto Rico 00918
        Tel (787) 766-5656

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that, on December 10, 2024, I electronically filed the foregoing motion with the Clerk of the Court using the CM/ECF system, which will send notification to the appellant.

/s/ Maarja T. Luhtaru
Assistant United States Attorney